**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Alamo Drafthouse Cinemas Holdings, LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-5112205** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **3908 Avenue B** **Austin, TX 78751** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Travis** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://drafthouse.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    **Alamo Drafthouse Cinemas Holdings, LLC**                    Case number (*if known*) _____
Name

**7.   Describe debtor's business**       A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5121__

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No.

☐ Yes.

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____

District _____  When _____  Case number _____

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor   __See Attachment 1 to Voluntary Petition__   Relationship _____

District _____  When _____  Case number, if known _____

| Debtor | **Alamo Drafthouse Cinemas Holdings, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
**(on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**
**(on a consolidated basis)**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**
**(on a consolidated basis)**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| | |
|---|---|
| Debtor   **Alamo Drafthouse Cinemas Holdings, LLC** | Case number (*if known*) |
| Name | |

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **03/03/2021**
MM / DD / YYYY

**X** **/s/ Matthew Vonderahe**                              **Matthew Vonderahe**
Signature of authorized representative of debtor               Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

**X** **/s/ Matthew B. Lunn**                              Date **03/03/2021**
Signature of attorney for debtor                             MM / DD / YYYY

**Matthew B. Lunn**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**       Email address   **mlunn@ycst.com**

**4119 DE**
Bar number and State

**ATTACHMENT 1 TO VOLUNTARY PETITION**

<u>Pending Bankruptcy Cases Filed by Affiliated Entities</u>

      On the date hereof, each of the affiliates listed below, including the debtor in this chapter 11 case (collectively, the "**<u>Debtors</u>**"), will file or have filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

**The Debtors are the following entities (along with their federal tax identification numbers):**

1.  Alamo Drafthouse Cinemas Holdings, LLC (82-5112205)

2.  Alamo Drafthouse Cinemas, LLC (27-2425717)

3.  Alamo Vineland, LLC (83-2831626)

4.  Alamo League Investments GP, LLC (82-5171811)

5.  Alamo League Investments, Ltd. (46-5477227)

6.  Alamo South Lamar GP, LLC (71-0963632)

7.  Alamo South Lamar, LP (54-2144563)

8.  Alamo Drafthouse Raleigh, LLC (81-5375979)

9.  Alamo DH Anderson Lane, LLC (46-5523642)

10. Alamo Yonkers, LLC (45-5304971)

11. Alamo Mission, LLC (45-5272284)

12. Alamo Ritz, LLC (46-5469465)

13. Alamo Mueller, LLC (47-4621221)

14. Mondo Tees, LLC (20-8166900)

15. Alamo City Foundry, LLC (82-4926092)

16. Alamo Mainstreet, LLC (45-5232052)

17. Alamo City Point, LLC (46-1583691)

18. Alamo Liberty, LLC (82-4375755)

19. Alamo Satown, LLC (82-5006197)

20. Alamo Marketplace, LLC (82-5087041)

21. Alamo Stone Oak, LLC (82-5068398)

22. Alamo Westlakes, LLC (82-5014931)

23. Alamo Park North, LLC (82-5051252)

24. Alamo North SA, LLC (83-3436623)

25. Alamo Avenue B, LLC (83-3418950)

26. Alamo Slaughter Lane GP, LLC (26-4086968)

27. Alamo Slaughter Lane, Ltd. (27-1575341)

28. Alamo Cinema Group I GP, LLC (20-8979537)

29. Alamo Cinema Group I, LP (20-8979656)

30. Alamo Westminster, LLC (81-3788906)

31. Alamo Staten Island, LLC (81-5097781)

32. Alamo Aspen Grove, LLC (45-2627786)

33. Alamo Lakeline, LLC (45-5145294)

34. Alamo Sloans, LLC (46-5629343)

**WRITTEN CONSENT**

**OF**

**THE BOARD OF MANAGERS**

**OF**

**ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC**

March 2, 2021

The undersigned, constituting all members of the board of managers (the "Board") of Alamo Drafthouse Cinemas Holdings, LLC, a Delaware limited liability company (the "Parent") hereby adopts the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board and directs that this Written Consent be filed with the Company's records, all pursuant to the provisions of Section 18-404(d) of the Delaware Limited Liability Company Act:

**WHEREAS**, the Parent is the sole member of Alamo Drafthouse Cinemas, LLC, a Texas limited liability company (the "LLC"), the LLC is the sole member or limited partner of the various limited liability companies and limited partnerships listed on attached Exhibit A (the "Subsidiaries");

**WHEREAS**, various of the Subsidiaries are the sole member or general partner of the companies listed on attached Exhibit B (together with the Parent, LLC, and Subsidiaries, each a "Company" and collectively, the "Companies");

**WHEREAS**, the Board formed a special committee (the "Restructuring Committee") comprised of one member who is disinterested and independent to consider, review, negotiate, and recommend for approval or rejection of any potential transaction, including, but not limited to, any debt financing (including debtor-in-possession financing in connection with a restructuring) and a potential sale of the Company's assets;

**WHEREAS**, the Restructuring Committee has approved and authorized the Companies to obtain post-petition financing according to terms negotiated by the Restructuring Committee and the management of the Companies, including the financing provided in that certain Secured Superpriority Debtor-in-Possession Credit Agreement, dated as of the date hereof, among the LLC as borrower, the guarantor parties thereto, and the lender parties thereto (the "Credit Agreement");

**WHEREAS**, the Restructuring Committee has approved and authorized the Companies' entry into that certain Asset Purchase Agreement among the Companies and an entity to be formed by the Companies' lenders and to continue after commencement of the chapter 11 cases the marketing for sale of the Companies' assets and pursuing negotiations with any interested parties regarding one or more sales of such assets or otherwise, in each case subject to further authorization of the Restructuring Committee of any such sale;

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Companies and the Companies' business on the date hereof, including the assets of the Companies, the current and long-term liabilities of the Companies, and the recommendations of the Companies' legal, financial, and restructuring advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the Board has determined that it is in the best interests of the Companies and the Companies' stakeholders, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code.

## Commencement and Prosecution of Bankruptcy Case

**NOW, THEREFORE, BE IT**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Companies, the creditors of the Companies, and other interested parties of the Companies that a voluntary petition (a "Petition") be filed by each Company with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the officers of each Company (each, an "Authorized Person" and collectively, the "Authorized Persons") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of such Company (i) to execute and verify a Petition and all documents ancillary thereto, and to cause such Petition to be filed with the Bankruptcy Court commencing a case (a "Bankruptcy Case" and collectively, the "Bankruptcy Cases"), and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents, and (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, or desirable in connection with the foregoing; and it is further

## Retention of Professionals

**RESOLVED**, that the Companies be, and hereby are, authorized, empowered, and directed to retain the law firm Young Conaway Stargatt & Taylor, LLP  to represent the Companies, as debtors and debtors-in-possession, in connection with the Bankruptcy Cases on the terms set forth in such firm's engagement letter with the Parent on behalf of the Companies, which engagement letter is hereby ratified and approved, and to represent and assist each of the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including to (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petition or any ancillary document as an Authorized Person deems necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions, (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or proper in connection with the foregoing,

and (c) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer the Companies' chapter 11 cases in form or forms as any Authorized Person may deem necessary or proper in order to effectuate the purpose of the intent of the foregoing resolution; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP; and it is further

**RESOLVED**, that the Companies be, and hereby are, authorized, empowered, and directed to retain Portage Point Partners to serve as a financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Authorized Persons shall be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of Portage Point Partners; and it is further

**RESOLVED**, that the Companies be, and hereby are, authorized, empowered, and directed to retain Houlihan Lokey Capital, Inc.  to serve as investment banker to represent and assist the Company in connection with the sale of the Company's assets and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Authorized Persons shall be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Houlihan Lokey Capital, Inc.; and it is further

**RESOLVED**, that the Companies be, and hereby are, authorized, empowered, and directed to retain Epiq Corporate Restructuring, LLC to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Authorized Persons shall be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Epiq Corporate Restructuring, LLC; and it is further

**RESOLVED**, that each Authorized Person be, and each hereby is authorized, empowered, and directed, in the name and on behalf of each Company, with full power of delegation, to determine in their judgment if necessary, and if determined to be necessary, to employ and retain a firm, to be named at a later date, to retain a Chief Restructuring Officer of the Company, along with additional personnel, as restructuring advisors to represent and assist the Companies in carrying out each Company's duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and in connection therewith, each of the Authorized Persons (other than the Chief Restructuring Officer) is hereby authorized, empowered, and directed, in the name and on behalf of each Company, with full power of delegation, to execute

3

appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of any such firm, and it is further

**RESOLVED**, that each Authorized Person be, and each hereby is, authorized and directed to employ any other professionals to assist the Companies in carrying out each Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary, and it is further

**RESOLVED**, that each Authorized Person be, and each hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deems necessary, proper or desirable in connection with the Companies' chapter 11 cases, with a view to the successful prosecution of such case, and it is further

**RESOLVED**, that each of the aforementioned retained advisors of the Companies is hereby authorized to take any and all actions necessary or desirable to advise the Companies' rights and obligations and facilitate the commencement of any cases commenced by the Companies under the Bankruptcy Code, and it is further

## General

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, empowered, on behalf of and in the name of each Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Persons performing or executing the same shall approve, and the performance or execution thereof by such Authorized Persons shall be conclusive evidence of the approval thereof by such Authorized Persons and by such Company; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination is, hereby authorized, directed, and empowered, in the name of and on behalf of each Company, to cause such Company to enter into, execute, deliver, certify, file, record and perform under such agreements, including the Credit Agreement, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Persons, shall be necessary, proper, and desirable to prosecute a successful completion of such Company's Bankruptcy Case and to effectuate the restructuring or liquidation of such Company's debts, other obligations, organizational form and structure and ownership of such Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by

these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Persons may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including without limitation the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Persons shall approve, the taking or execution thereof by any Authorized Persons being conclusive evidence of the approval thereof by the Authorized Persons; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

**RESOLVED**, that facsimile, photostatic copies of, or other electronic generated signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is further

**RESOLVED**, this written consent may be executed in multiple counterparts, all of which, taken together, shall constitute one and the same document, and shall be effective as of the date first written above when signed by all members of the Board.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board of Managers of the Company, have executed this written consent effective as of the date first written above.

BOARD OF MANAGERS:

_____
By: David Kennedy
Title: DK Manager


_____
By: Timothy League
Title: TL Manager


_____
By: Randall Eason
Title: ACP Manager


_____
By: Kevin Mason
Title: ACP Manager


_____
By: K.C. Moylan
Title: ACP Manager


_____
By: Michael Foreman
Title: Independent Manager

*[Signature Page to Written Consent of the Board of Managers]*

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board of Managers of the Company, have executed this written consent effective as of the date first written above.

BOARD OF MANAGERS:

_____
By: David Kennedy
Title: DK Manager

DocuSigned by:

*Timothy League*

E383D678439D4E3...
_____
By: Timothy League
Title: TL Manager

_____
By: Randall Eason
Title: ACP Manager

_____
By: Kevin Mason
Title: ACP Manager

_____
By: K.C. Moylan
Title: ACP Manager

_____
By: Michael Foreman
Title: Independent Manager

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board of Managers of the Company, have executed this written consent effective as of the date first written above.

BOARD OF MANAGERS:

_____
By: David Kennedy
Title: DK Manager


_____
By: Timothy League
Title: TL Manager

_____
By: Randall Eason
Title: ACP Manager


_____
By: Kevin Mason
Title: ACP Manager


_____
By: K.C. Moylan
Title: ACP Manager


_____
By: Michael Foreman
Title: Independent Manager

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board of Managers of the Company, have executed this written consent effective as of the date first written above.

BOARD OF MANAGERS:

_____
By: David Kennedy
Title: DK Manager


_____
By: Timothy League
Title: TL Manager


_____
By: Randall Eason
Title: ACP Manager


_____
By: Kevin Mason
Title: ACP Manager


_____
By: K.C. Moylan
Title: ACP Manager


_____
By: Michael Foreman
Title: Independent Manager

*[Signature Page to Written Consent of the Board of Managers]*

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board of Managers of the Company, have executed this written consent effective as of the date first written above.

BOARD OF MANAGERS:

_____
By: David Kennedy
Title: DK Manager


_____
By: Timothy League
Title: TL Manager


_____
By: Randall Eason
Title: ACP Manager


_____
By: Kevin Mason
Title: ACP Manager

_____
By: K.C. Moylan
Title: ACP Manager


_____
By: Michael Foreman
Title: Independent Manager

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board of Managers of the Company, have executed this written consent effective as of the date first written above.

BOARD OF MANAGERS:

_____

By: David Kennedy
Title: DK Manager


_____

By: Timothy League
Title: TL Manager


_____

By: Randall Eason
Title: ACP Manager


_____

By: Kevin Mason
Title: ACP Manager


_____

By: K.C. Moylan
Title: ACP Manager


_____

By: Michael Foreman
Title: Independent Manager

## **Exhibit A**

Subsidiaries

1.     Alamo Avenue B, LLC
2.     Alamo Cinema Group I GP, LLC
3.     Alamo Cinema Group I, LP
4.     Alamo City Foundry, LLC
5.     Alamo City Point, LLC
6.     Alamo Vineland, LLC
7.     Alamo League Investments GP, LLC
8.     Alamo League Investments, Ltd.
9.     Alamo Liberty, LLC
10.    Alamo Mainstreet, LLC
11.    Alamo North SA, LLC
12.    Alamo Satown, LLC
13.    Alamo Slaughter Lane GP, LLC
14.    Alamo Slaughter Lane, Ltd.
15.    Mondo Tees, LLC

## **Exhibit B**

Subsidiaries

1. Alamo Aspen Grove, LLC
2. Alamo DH Anderson Lane, LLC
3. Alamo Drafthouse Raleigh, LLC
4. Alamo Lakeline, LLC
5. Alamo Marketplace LLC
6. Alamo Mission, LLC
7. Alamo Mueller, LLC
8. Alamo Park North, LLC
9. Alamo Ritz, LLC
10. Alamo Sloans, LLC
11. Alamo South Lamar GP, LLC
12. Alamo South Lamar, LP
13. Alamo Staten Island, LLC
14. Alamo Stone Oak, LLC
15. Alamo Westlakes, LLC
16. Alamo Westminster, LLC
17. Alamo Yonkers, LLC

# WRITTEN CONSENT

## OF

# THE RESTRUCTURING COMMITTEE

## OF

# THE BOARD OF MANAGERS

## OF

# ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC

March 2, 2021

The undersigned, constituting the sole member of the Restructuring Committee (the "Restructuring Committee") of the board of managers (the "Board") of Alamo Drafthouse Cinemas Holdings, LLC, a Delaware limited liability company (the "Company"), hereby adopts the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Restructuring Committee and directs that this Written Consent be filed with the Company's records, all pursuant to the provisions of Section 18-404(d) of the Delaware Limited Liability Company Act:

**WHEREAS**, the Board, by written consent dated as of January 5, 2021, appointed the Restructuring Committee and delegated to the Restructuring Committee full power and authority of the Board to take any and all actions on behalf of the Board and the Company that it may deem necessary, advisable, or appropriate in connection with entering into strategic and financial alternatives for the Company, including without limitation financing, sale, restructuring, reorganization, or recapitalization of the Company (each of the foregoing and any combination of the foregoing, together with matters incidental there to, a "Strategic Transaction");

**WHEREAS**, on February 16, 2021, and in connection with the pursuing a Strategic Transaction, League Holdings, LLC, Thunderbird Brothers LLC, ACP Alamo Finance, Inc., CF ALMO UST LLC, CF ALMO UB LLC, and the Company entered into that certain Restructuring Support Agreement pursuant to which the parties agreed to, among other things, pursue and consummate transactions described in the Restructuring Support Agreement through a recapitalization of the Company effectuated through a consensual out-of-court restructuring or an in-court restructuring implemented through a sale of the Company's assets and businesses pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") in cases commenced under chapter 11 of the Bankruptcy Code;

**WHEREAS**, the Restructuring Committee has reviewed and considered the financial and operational condition of the Company, the Company's business, including the assets of the Company and current and long-term liabilities of the Company, and the recommendations of the Company's legal, financial, and restructuring advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 the Bankruptcy Code to implement the in-court restructuring provided for under the Restructuring Support Agreement;

**WHEREAS**, the Company and the Company's direct and indirect subsidiaries (collectively, the "Companies") have requested debtor in possession financing from League Holdings, LLC, Thunderbird Brothers LLC, ACP Alamo Finance, Inc., CF ALMO UST LLC, and CF ALMO UB LLC consistent with the terms of the Restructuring Support Agreement;

**WHEREAS**, the Company, acting in the Company's capacity as the sole member or manager of each the Company's direct or indirect subsidiaries or the sole member or manager of any subsidiaries organized as limited partnerships, has the ability to manage and direct the affairs of each of the Company's direct and indirect subsidiaries;

**WHEREAS**, the Restructuring Committee has reviewed (i) the budget prepared by the Companies and their advisors and (ii) the Secured Superpriority Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"; capitalized terms not otherwise defined herein shall have the meaning set forth in the DIP Credit Agreement), by and among Fortress Credit Corp., as administrative agent (the "DIP Agent"), the lenders party thereto (the "DIP Lenders"), Alamo Drafthouse Cinemas, LLC, as borrower thereunder, and certain affiliates as loan parties thereto;

**WHEREAS**, the Restructuring Committee has reviewed that certain Asset Purchase Agreement by and among the Companies and an entity to be formed by the DIP Lenders (as amended or modified, the "APA") for the sale of substantially all of the Companies' assets; and

**WHEREAS**, in accordance with the terms of the Restructuring Support Agreement it has been determined to purse an in-court restructuring of the Company through a sale of the Company's assets pursuant to section 363 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT**

**RESOLVED**, that the officers of each of the Companies (each, an "Authorized Person" and collectively, the "Authorized Persons") be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies, to: (a) authorize, negotiate, execute and deliver a debtor-in-possession loan facility pursuant to that the DIP Credit Agreement, in substantially the form provided to the Restructuring Committee; (b) negotiate, execute and deliver guaranties of the foregoing facility by certain affiliates of the Company; (c) grant security interests in favor of the DIP Agent, for the benefit of the DIP Lenders, to secure the obligations under the DIP Credit Agreement and the other loan documents executed in connection therewith; (d) negotiate the use of the cash collateral of the Companies' existing secured lenders and the form of adequate protection to be granted in connection with such use; and (e) authorize, negotiate, execute and deliver the other Loan Documents and such additional agreements, instruments, and documents as may be contemplated or required by the DIP Credit Agreement upon such other terms and conditions as such Authorized Persons executing the same may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered, in the name and on behalf of the Company, including, but not limited to, the Security Agreement, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and it is further; and it is further

**RESOLVED**, that the Authorized Persons are hereby authorized and empowered, on behalf of the Companies or any of its direct or indirect subsidiaries for which they serve as an officer, to execute and deliver the APA with any additions, deletions, modifications, amendments, or other changes thereto as the Authorized Persons executing the same shall have determined to be necessary or appropriate, such determination to be conclusively evidenced by the execution thereof, and to execute any and all other documents and take any and all other actions that such officer deems necessary, desirable, or convenient to carry out the intent of these resolutions, in such officer's sole judgment; and it is further

**RESOLVED**, that the authority given hereunder shall be deemed retroactive and any and all signatures and endorsements heretofore executed and all other actions heretofore taken by any officer of the Company or any of its wholly owned direct and indirect subsidiaries with regard to the preceding resolutions, the transactions contemplated thereby, and the other transactions approved herein, are hereby adopted, ratified, confirmed, and approved in all respects; and it is further

**RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is further

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned, constituting the sole member of the Restructuring Committee of the Board, has executed this written consent effective as of the date first written above.

RESTRUCTURING COMMITTEE:

By: Michael Foreman

27769664.1

Fill in this information to Identify the case:

Debtor Name:   Alamo Drafthouse Cinemas Holdings, LLC

United States Bankruptcy Court for the:     District of Delaware

Case Number (If known):

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SUMMIT GLORY PROPERTY LLC C/O FOSUN PROPERTY HOLDINGS 28 LIBERTY ST NEW YORK, NY 10005 | CONTACT: TOM COSTANZO AND ARSENIA CARRASCO PHONE: 646-779-3011 TCONSTANZO@FOSUN.COM; ARSENIA.CARRASCO@CBRE.COM | LANDLORD | | | | $2,157,254.83 |
| 2 | 30 WEST PERSHING, LLC EPR PROPERTIES 909 WALNUT ST SUITE 200 KANSAS CITY, MO 64106 | CONTACT: JOHNNA DAVID PHONE: 816-472-1700 JOHNNAD@EPRKC.COM | LANDLORD | | | | $1,996,625.52 |
| 3 | ALBEE DEVELOPMENT LLC 411 THEODORE FREMD AVE SUITE 300 RYE, NY 10580 | CONTACT: CHRIS CONLON PHONE: 914-288-8181 CCONLON@ACADIAREALY.COM | LANDLORD | | | | $1,511,912.18 |
| 4 | NEON 1685 38TH ST SUITE 100 BOULDER, CO 80301 | CONTACT: JESSICA NICKELSBERG PHONE: 720-746-4844 FAX: 720-746-4870 JESSICA@NEONRATED.COM | TRADE DEBT | | | | $1,052,084.49 |
| 5 | SLOANS LAKE C/O FCA PARTNERS, LLC 300 SOUTH TRYON ST CHARLOTTE, NC 28202 | CONTACT: WIN KELLY PHONE: 704-492-1188 WIN.KELLY@FCAPARTNERS.COM | LANDLORD | | | | $989,144.30 |
| 6 | FHF I LAMAR UNION LLC 211 E 7TH ST SUITE 620 AUSTIN, TX 78701 | CONTACT: BRYAN DABBS PHONE: 512-423-6564 BDABBS@BKDREALTY.COM | LANDLORD | | | | $964,905.39 |

**Debtor:** Alamo Drafthouse Cinemas Holdings, LLC          **Case Number** (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   GERRITY RETAIL MANAGEMENT LLC C/O GERRITY GROUP LLC 973 LOMAS SANTA FE DR SOLANA BEACH, CA  92075-2137 | CONTACT: RENE DANIELS PHONE: 858-369-7000 RDANIELS@GERRITYGROUP. COM | LANDLORD | | | | $880,680.06 |
| 8   DDR DB STONE OAK LP 330 ENTERPRISE PKWY CLEVELAND, OH  44122 | CONTACT: KEVIN COHEN PHONE: 404-504-6738 LBALL@SITECENTERS.COM | LANDLORD | | | | $795,545.22 |
| 9   MUELLER ALDRICH STREET, LLC MUELLER CENTRAL 4550 MUELLER BLVD AUSTIN, TX  78723 | CONTACT: REILY GREGSON PHONE: 512-703-9202; 512-482-0094 RGREGSON@WEITZMANGRO UP.COM | LANDLORD | | | | $777,783.46 |
| 10   WESTLAKES 410 INVESTMENTS LLC ATTN: PROPERTY MANAGEMENT 6907 CAPITAL OF TEXAS HIGHWAY NORTH SUITE 370 AUSTIN, TX  78731 | CONTACT: SCOTT BOOTH PHONE: 512-637-3649 SBOOTH@SERVICEGROUPHO LDINGS.COM | LANDLORD | | | | $711,448.86 |
| 11   WHITESTONE REIT 2600 S GESSNER RD SUITE 500 HOUSTON, TX  77063 | CONTACT: MATT OKMIN PHONE: 512-808-7212 FAX: 713-465-8847 MOKMIN@WHITESTONEREIT .COM | LANDLORD | | | | $627,197.97 |
| 12   MEP MAINSTREET OPERATIONS LLC 601 E PRATT STREET 6TH FLOOR BALTIMORE, MD  21202 | CONTACT: DIANE WHEELER AND NICK BENJAMIN PHONE: 410-752-5444; 443-927-6592 NBENJAMIN@CORDISH.COM | LANDLORD | | | | $625,188.77 |
| 13   UE YONKERS II LLC 28 LIBERTY ST NEW YORK, NY  10005 | CONTACT: SCOTT AUSTER PHONE: 212-956-2556 SAUSTER@UEDGE.COM | LANDLORD | | | | $617,246.97 |
| 14   SONY ELECTRONICS INC 1 SONY DR PARK RIDGE, NJ  07656 | CONTACT: CHRIS APPLETON PHONE: 205-837-0226 CHRIS.APPLETON@SONY.CO M | TRADE DEBT | | | | $608,421.79 |
| 15   SVAP II PARK NORTH, LLC 302 DATURA ST SUITE 100 WEST PALM BEACH, FL  33401-5481 | CONTACT: YOLANDA MASON PHONE: 210-504-2700 YMASON@STERLINGORGANI ZATION.COM | LANDLORD | | | | $488,467.49 |
| 16   US FOODS INC 11955 E PEAKVIEW AVE ENGLEWOOD, CO  80111-6830 | CONTACT: BETH GONZALEZ PHONE: 512-228-6226 BETH.GONZALEZ@USFOODS. COM | TRADE DEBT | | | | $434,564.31 |
| 17   NEW BRAUNFELS MARKETPLACE LP 177 W MILL ST NEW BRAUNFELS, TX  78130-5055 | CONTACT: ISABEL WIGGINS PHONE: 830-620-7475 ISABEL@WIGGINSCOMMERC IAL.COM | LANDLORD | | | | $402,309.90 |
| 18   A TO Z MEDIA, INC. 243 W 30TH ST 6TH FLOOR NEW YORK, NY  10001 | CONTACT: LUCAS JONES PHONE: 212-260-0237;  503-736-3261 FAX: 212-260-0631 LUCAS@ATOZMEDIA.COM | TRADE DEBT | | | | $402,106.08 |

**Debtor:** Alamo Drafthouse Cinemas Holdings, LLC

**Case Number** (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | HOBBY PROPERTIES KERBBY LLC 515 N BLOUNT ST RALEIGH, NC 27604 | CONTACT: JOHN HOLMES PHONE: 919-783-6141 FAX: 919-782-3321 INFO@HOBBYPROPERTIES.COM | LANDLORD | | | | $385,979.07 |
| 20 | WORKDAY INC. 3350 PEACHTREE RD NE SUITE 1000 ATLANTA, GA 30326 | CONTACT: DAVID BAUGUESS PHONE: 877-967-5329 DAVID.BAUGUESS@WORKDAY.COM | TRADE DEBT | | | | $335,312.47 |
| 21 | STAFFORD-SMITH, INC. 3414 S BURDICK ST KALAMAZOO, MI 49001 | CONTACT: AMBER RICHARDS PHONE: 800-968-2442; 512-271-6691 ARICHARDS@STAFFORDSMITH.COM | TRADE DEBT | | | | $313,629.91 |
| 22 | CF AUSTIN RETAIL, LLC 100 WAUGH DR SUITE 600 HOUSTON, TX 77007-6340 | CONTACT: GRAHAM MOORE PHONE: 512-684-3800 MOORE@AQUILACOMMERCIAL.COM | LANDLORD | | | | $303,057.00 |
| 23 | CITY AND COUNTY OF DENVER TREASURY DIVISION 201 W COLFAX AVE UNIT 1109 DENVER, CO 80203 | CONTACT: BRENDAN HANLON PHONE: 720-913-9400 TREASINFO@DENVERGOV.ORG; BRENDAN.HANLON@DENVERGOV.ORG | TAX DEBT | | | | $302,212.22 |
| 24 | VISTA ENTERTAINMENT SOLUTIONS USA INC 6300 WILSHIRE BLVD SUITE 940 LOS ANGELES, CA 90048 | CONTACT: GRAIG FISHER PHONE: 215-805-7600 GRAIG.FISHER@VISTA.CO | TRADE DEBT | | | | $273,811.86 |
| 25 | WEA-WSM 32253 COLLECTION CENTER DR CHICAGO, IL 60693-0322 | CONTACT: RICKEY OLSEN PHONE: 629-203-5451 RICHARD.OLSEN@WMG.COM | TRADE DEBT | | | | $237,553.67 |
| 26 | CAMATIC SEATING, INC. 12801 N STEMMONS FWY SUITE 903 FARMERS BRANCH, TX 75234 | CONTACT: DIANA FRANKOWSKI PHONE: 682-503-5317 DIANA.FRANKOWSKI@CAMATIC.COM | TRADE DEBT | | | | $221,552.11 |
| 27 | IRONEDGE GROUP 3000 WILCREST DR SUITE 300 HOUSTON, TX 77042 | CONTACT: RYAN LAKIN PHONE: 210-757-4222 X101 RLAKIN@IRONEDGEGROUP.COM | TRADE DEBT | | | | $209,503.20 |
| 28 | ELLERSON DEVELOPMENT CORPORATION 1660 HUGUENOT RD MIDLOTHIAN, VA 23113 | CONTACT: NICOLE BROWN PHONE: 804-897-0900 FAX: 804-897-0901 NBROWN@EDCWEB.COM | LANDLORD | | | | $191,793.73 |

Debtor: Alamo Drafthouse Cinemas Holdings, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29   ACADIA REALTY 411 THEODORE FREMD AVE SUITE 300 RYE, NY  10580 | CONTACT: JASON BLACKSBERG PHONE: 914-288-8100; 914-288-8138 FAX: 914-428-2760; 914-288-2138 JBLACKSBERG@ACADIAREALTY.COM | LANDLORD | | | | $171,900.37 |
| 30   MOROCH PARTNERS, INC. 3625 N. HALL STREET SUITE 1100 DALLAS, TX  75219 | CONTACT: MATT POWELL PHONE: 214-520-9700 MPOWELL@MOROCH.COM | TRADE DEBT | | | | $171,137.95 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*, | Case No. 21-_____ (__) |
| Debtors.[1] | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT**
**TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each a "**Debtor**" and, together, the "**Debtors**") hereby state as follows:

1.      A list of the equity interest holders of Debtor, Alamo Drafthouse Cinemas Holdings, LLC, along with their addresses and the nature of their equity interests, is attached hereto as **Exhibit A**.

2.      Alamo Drafthouse Cinemas Holdings, LLC owns 100% of the equity interests of Debtor, Alamo Drafthouse Cinemas, LLC.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

27523032.2

3.      Alamo Drafthouse Cinemas, LLC owns 100% of the equity interests in each of the Debtors:  (a) Alamo Vineland, LLC; (b) Alamo League Investments GP, LLC; (c) Mondo Tees, LLC; (d) Alamo City Foundry, LLC; (e) Alamo Mainstreet, LLC; (f) Alamo City Point, LLC; (g) Alamo Liberty, LLC; (h) Alamo Satown, LLC; (i) Alamo Slaughter Lane GP, LLC; (j) Alamo Cinema Group I GP, LLC; (k) Alamo Avenue B, LLC; and (l) Alamo North SA, LLC.

4.      Alamo Drafthouse Cinemas, LLC owns 99.99% of the equity interests of Debtor Alamo League Investments, Ltd.

5.      Alamo League Investments GP, LLC owns 0.01% of the equity interests of Debtor Alamo League Investments, Ltd.

6.      Alamo League Investments, Ltd. owns 100% of the equity interests in each of the Debtors: (a) Alamo South Lamar GP, LLC; (b) Alamo Drafthouse Raleigh, LLC; (c) Alamo DH Anderson Lane, LLC; (d) Alamo Yonkers, LLC; (e) Alamo Mission, LLC; (f) Alamo Ritz, LLC; (g) Alamo Mueller, LLC.

7.      Alamo League Investments, Ltd. owns 99.00% of the equity interests of Debtor Alamo South Lamar, LP.

8.      Alamo South Lamar GP, LLC owns 1.00% of the equity interests of Debtor Alamo South Lamar, LP.

9.      Alamo Satown, LLC owns 100% of the equity interests in each of the Debtors:  (a) Alamo Marketplace, LLC; (b) Alamo Stone Oak, LLC; (c) Alamo Westlakes, LLC; (d) Alamo Park North, LLC.

10.      Alamo Drafthouse Cinemas, LLC owns 99.35% of the equity interests of Debtor Alamo Slaughter Land, Ltd.

11.     Alamo Slaughter Lane GP, LLC owns 0.65% of the equity interests of Debtor Alamo Slaughter Land, Ltd.

12.     Alamo Drafthouse Cinemas, LLC owns 99.94% of the equity interests of Debtor Alamo Cinema Group I,  LP.

13.     Alamo Cinema Group I GP, LLC owns 0.06% of the equity interests of the Debtor Alamo Cinema Group I,  LP.

14.     Alamo Cinema Group I, LP owns 100% of the equity interests in each of the Debtors: (a) Alamo Westminster, LLC; (b) Alamo Staten Island, LLC; (c) Alamo Aspen Grove, LLC; (d) Alamo Lakeline, LLC; and (e) Alamo Sloans, LLC.

# EXHIBIT A

## Alamo Drafthouse Cinemas Holdings, LLC - Member Schedule

| **Members** | **Number of Interests** | **Percentage Interest** |
|---|---|---|
| ACP Alamo Holdings, Inc.<br>c/o Altamont Capital Management<br>4000 Hamilton Avenue, Suite 230<br>Palo Alto, CA 94301<br>Telephone: (949) 375-2815<br>Reason@altamontcapital.com<br>Legalnotices@altamontcapital.com | Class A Preferred Units 10,759,128 | 40.0% |
| Catalina Brothers, Ltd.<br>c/o David Kennedy<br>612A E 6th Street<br>Austin, TX 78701<br>Telephone: (303) 990-1502<br>Dkennedy@abacusventures.com | Class B Common Units 8,406,098 | 31.3% |
| Major Kong Industries, Ltd.<br>c/o Timothy League<br>612A E 6th Street<br>Austin, Texas 78701<br>Telephone: (512) 507-3361<br>Tim.league@drafthouse.com | Class B Common Units 7,272,662 | 27.0% |
| Chris Hoegemeyer<br>c/o BACH Holdings, LLC<br>6215 Via La Cantera, Suite 117<br>San Antonio, TX 78256<br>chris@reeldinnerpartners.com | Class B Common Units 229,966 | 0.9% |
| Brandon Arceneaux<br>c/o BACH Holdings, LLC<br>6215 Via La Cantera, Suite 117<br>San Antonio, TX 78256<br>brandon@reeldinnerpartners.com | Class B Common Units 229,966 | 0.9% |
|  | **Total:** | **100.0%**[1] |

---

[1] The sum of the rounded percentage interests may not total 100.00%.

**Fill in this information to identify the case:**

Debtor name    **Alamo Drafthouse Cinemas Holdings, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.    Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.    18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule* _____
☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒    Other document that requires a declaration    **Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **03/03/2021**            X **/s/ Matthew Vonderahe**
                                                    Signature of individual signing on behalf of debtor

                                            **Matthew Vonderahe**
                                            Printed name

                                            **Chief Financial Officer**
                                            Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy