UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                                           CASE NO. 21-10474 (MFW)

ALAMO DRAFTHOUSE CINEMAS
HOLDINGS, LLC, et al,                            Chapter 11
                                                 Jointly Administered
   DEBTORS.
                                                 Hearing: March 25, 2021 at 2:00 p.m. ET


**LOCAL TEXAS TAX AUTHORITIES' OBJECTION TO DEBTORS' MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO:
(A) USE CASH COLLATERAL PENDING A FINAL HEARING;
(B) INCUR POSTPETITION DEBT ON AN EMERGENCY BASIS PENDING A FINAL
HEARING; AND (C) GRANT ADEQUATE PROTECTION TO PRE-PETITION
SECURED PARTIES**


TO THE HONORABLE COURT:

   NOW COME Bexar County, Dallas County, El Paso, Ellis County, Irving ISD, Nueces County

and Tarrant County (jointly the "Local Texas Tax Authorities" or "Tax Authorities") and file their

Objection to the Debtors' Motion for entry of an Order authorizing Debtors to obtain post-petition

financing, use cash collateral, grant superpriority liens and administrative expense status, and for

other related relief (Docket no. 14, hereinafter the "Financing Motion").    In support of their

Objection, the Tax Authorities would show the Court the following:

I.

   The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to

assess and collect ad valorem taxes pursuant to the laws of the State.   The Tax Authorities have

1

filed secured claims totaling approximately $760,620 for ad valorem taxes owed on the Debtors' personal property for the 2020 and 2021 tax years.

II.

The claims of the Tax Authorities are secured with unavoidable liens that are superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code §§ 32.01 and 32.05(b). The priority of the tax claims and related liens is determined under applicable non-bankruptcy law. 11 U.S.C. § 506; Butner v. U.S., 440 U.S. 48, 55 (1979). The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

III.

The proponents of the Financing Motion have failed to demonstrate that the liens of the Tax Authorities are adequately protected as required by 11 U.S.C. § 364(d)(1)(b). The proponent of a motion seeking a super priority lien has the burden of proof on that issue, 11 U.S.C. § 364(d)(2). Although certain consensual lenders may have consented to the priming of their liens and the use

2

of their cash collateral as set forth in Paragraphs 34 and 39 of the Financing Motion, the Tax Authorities have not consented to either.

The Tax Authorities' liens constitute "Prepetition Permitted Liens" as defined in the Interim Order on the Financing Motion (the "Interim DIP Order", Docket no. 55, page 9, paragraph G.(iv)). As such, the liens of the DIP lenders and the adequate protection liens granted certain other consensual lenders do not prime or subordinate the tax liens.   However, Paragraph 21 of the Interim DIP Order (Docket no. 55, pages 30-31) provides

21. Application of Proceeds of Collateral. As a condition to the entry of the DIP Documents, the extension of credit under the DIP Facility and the authorization to use Cash Collateral, the Debtors have agreed that as of and commencing on the date of entry of the Interim Order, the Debtors shall apply all proceeds of DIP Collateral: (i) first, to fund the Professional Fee Reserve and the Carve-Out (without duplication); (ii) second, to costs and expenses of the DIP Secured Parties; (iii) third, to repayment of the DIP Obligations in the order and manner set forth Case 21-10474-MFW Doc 55 Filed 03/04/21 Page 30 of 59 31 27805309.5 and in accordance with the DIP Documents; and (iv) fourth, after indefeasible repayment in full in cash of the DIP Obligations (including, in each case, provision in such amounts as determined by the Required DIP Lenders) in accordance with the DIP Documents and the termination of the DIP Documents and all commitments thereunder, to the Prepetition Agent for the repayment of the Prepetition Obligations in accordance with the Prepetition Documents.

The proceeds from the sale of the Tax Authorities' collateral constitute the cash collateral of these claimants, and they object to the use of their collateral to pay any other creditors of this estate, particularly junior lienholders.   Pursuant to 11 U.S.C. § 363(c) (4), absent consent by these claimants or an order of the Court permitting use of their cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.   The Debtors have not filed a motion seeking to use the cash collateral of these claimants nor has there been notice or a hearing on the use of these claimants' collateral.   Accordingly, absent their consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4). The proceeds from the sale of the Tax Authorities' collateral should not be distributed to any other

3

party, and particularly in repayment of junior liens such as the DIP Obligations, unless and until their claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

Further, in the event of a credit bid (as permitted under paragraph 39 of the Interim DIP Order, pages 49-50), there may be no sale proceeds to which the liens can attach or which may be used to pay the claims of the Tax Authorities.   In the event of a credit bid by a junior lienholder, the Tax Authorities' liens should be paid at closing. A credit bid by a junior lienholder is an attempt to avoid the consequences of foreclosing/seizing the property under applicable non-bankruptcy law which would require it to take the property subject to the tax liens.   There is no legal or equitable basis for thus subordinating or avoiding the tax liens.   Absent provisions for the adequate protection of the tax liens, the Local Texas Tax Authorities object to the approval of a sale on a credit bid.

IV.

WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Financing Motion and request this Court to order appropriate provisions to assure the protection of the position of these secured tax creditors, and further request such other relief as to which the Court may find they are entitled.

Dated: March 22, 2021

Respectfully submitted,

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

BY:   /s/ Elizabeth Weller
        Elizabeth Weller
        Tex. Bar No. 00785514

2777 N. Stemmons Fwy., Ste. 1000

4

Dallas, TX 75207
 (469)221-5075 phone
(469)221-5003 fax
BethW@LGBS.com email

Counsel for the Local Texas Tax Authorities

CERTIFICATE OF SERVICE

I hereby certify that this 22th day of March, 2021, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon the parties set forth below via electronic mail as indicated.

   /s/ Elizabeth Weller
Elizabeth Weller

Debtors, Alamo Drafthouse Cinemas Holdings, LLC,
Attn: Matthew Vonderahe (matt.vonderahe@drafthouse.com );

Young Conaway Stargatt & Taylor, LLP, Rodney Square, ,
Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com ) and Kenneth J. Enos, Esq. (kenos@ycst.com );

Ropes & Gray LLP, 1211
Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com)

Proskauer Rose LLP
Attn: Charles A. Dale (cdale@proskauer.com)

Office of the United States Trustee,
ttn: Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov )

5