# EXHIBIT B

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ——80** |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE DEBTORS
EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of the Debtors for entry of an order pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, authorizing the employment and retention of Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**") as its investment banker pursuant to the terms of the Engagement Agreement, a copy of which is attached hereto as **Exhibit 1**; and the Court having considered the Application and the Mason Declaration; and the Court finding that (a) the terms and conditions of Houlihan Lokey's employment set forth in the Engagement Agreement (including the Fee and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application or the Engagement Agreement, as applicable.

27882020.2

Expense Structure) as modified by this Order, are reasonable as required by section 328(a) of the Bankruptcy Code; (b) Houlihan Lokey (i) does not hold or represent an interest adverse to the interest of the estate; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (c) except as authorized herein, the Application and the Mason Declaration are in full compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (d) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein

2. The Debtors are authorized to retain and employ Houlihan Lokey as their investment banker pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, effective as of the Petition Date, on the terms and conditions set forth in the Engagement Agreement and the Application, and are directed to perform their obligations set forth therein, except as expressly modified herein.

3. None of the fees payable to Houlihan Lokey shall constitute a "bonus" or fee enhancement under applicable law.

4. The compensation, fees, and expenses payable to Houlihan Lokey pursuant to the Engagement Agreement, together with the indemnification, reimbursement of expenses, and contribution obligations owed to Houlihan Lokey and any other HL Party under the Engagement Agreement, shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code or any other standard of review.

5. Notwithstanding anything to the contrary in this Order, the Application, or the Engagement Agreement, the U.S. Trustee shall retain the right to object to the compensation, fees, and expenses to be paid to Houlihan Lokey pursuant to the Application and the Engagement Agreement, including the Monthly Fee and the Transaction Fee(s), based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Houlihan Lokey's compensation, fees, and expenses under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or such record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Houlihan Lokey's fees.

6. The Debtors are authorized to compensate and reimburse Houlihan Lokey pursuant to the terms of the Engagement Agreement, as modified by the Application and this Order, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court.

7. In light of the services to be provided by Houlihan Lokey and the compensation structure in the Engagement Agreement, Houlihan Lokey and its professionals shall be excused from: (i) any requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-2, and the fee guidelines established by the United States Trustee (the "**U.S. Trustee Guidelines**"); and (ii) conforming with a schedule of hourly rates for its professionals. Instead, notwithstanding that Houlihan Lokey does not charge for its services on an hourly basis, Houlihan Lokey will nonetheless maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Debtors,

27882020.2

3

and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.

8. In the event that, during the pendency of this case, Houlihan Lokey seeks reimbursement for any attorneys' fees and/or expenses pursuant to the Application and the Engagement Agreement, the invoices and reasonably detailed supporting time records from such attorneys shall be included in Houlihan Lokey's own fee applications and such invoices and time records shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding any provision to the contrary in the Engagement Agreement, the Debtors shall have no obligation to reimburse Houlihan Lokey for its attorney fees or attorney expenses incurred in defending Houlihan Lokey's fee applications filed with the Bankruptcy Court.

9. The Debtors shall be bound by the indemnification, contribution, reimbursement and exculpation provisions set forth in the Engagement Agreement, subject during the pendency of these cases to the following:

> a. ~~Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, the HL Parties for any claims arising from, related to, or in connection with the services to be provided by Houlihan Lokey as specified in the Application, but not for any claim arising from, related to, or in connection with Houlihan Lokey's post-petition performance of any other services (other than those in connection with the engagement), unless such post-petition services and indemnification therefor are approved by this Court.~~
> a. No Indemnified Agent (as that term is defined in the Agreement) shall be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

27882020.2

4

b. The Debtors shall have no obligation to indemnify any ~~HL Party (as defined in the Engagement Agreement)~~<ins>Indemnified Agent</ins>, or provide contribution or reimbursement to any ~~HL Party~~<ins>Indemnified Agent</ins>, for any claim or expense ~~that~~ <ins>to the extent it</ins> is either ~~–~~<ins>:</ins> (i) judicially determined (the determination having become final<ins> and no longer subject to appeal</ins>) to have arisen from ~~such HL Party's bad faith,~~ <ins>any Indemnified Agent's</ins> gross negligence~~or~~<ins>,</ins> willful misconduct~~,~~<ins>, or bad faith;</ins> (ii) for a contractual dispute in which the Debtors allege ~~the~~ breach of ~~such HL Party's~~ <ins>[Firm's]</ins> contractual obligations ~~if the~~<ins>, unless this</ins> Court determines that indemnification, contribution~~,~~ or reimbursement would ~~not~~ be permissible pursuant to *In re United Artists Theatre* ~~Co.~~<ins>Company</ins>, 315 F.3d 217 (3d Cir. 2003)~~,~~<ins>;</ins> or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) *~~infra,~~* <ins>hereof</ins> to be a claim or expense for which ~~such HL Party is not entitled to~~ <ins>the Indemnified Agent should not</ins> receive indemnity, contribution~~,~~ or reimbursement under the terms of the ~~Engagement~~ Agreement~~,~~<ins>,</ins> as modified by this Order.

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in ~~these~~ <ins>the</ins> Chapter 11 Cases (that order having become a final order no longer subject to appeal)~~,~~ and (ii) the entry of an order closing ~~these~~ <ins>the</ins> Chapter 11 Cases, ~~any HL Party~~ <ins>an Indemnified Agent</ins> believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the ~~Engagement~~ Agreement (as modified by this Order), including~~,~~ without limitation, the advancement of defense costs, ~~such HL Party~~ <ins>the Indemnified Agent</ins> must file an application therefor in this Court, and the Debtors may not pay any such amounts to ~~such HL Party~~ <ins>the Indemnified Agent</ins> before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period ~~during~~ <ins>of time under</ins> which ~~the~~ <ins>this</ins> Court shall have jurisdiction over any request for fees and expenses by any ~~HL Party~~ <ins>Indemnified Agent</ins> for indemnification, contribution~~,~~ and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify~~,~~ or make contributions or reimbursements to~~,~~ the ~~HL Parties~~<ins>Indemnified Agents</ins>. <ins>All parties in interest shall retain the right to object to any demand by any Indemnified Agent for indemnification, contribution and/or reimbursement.</ins>

d. ~~No HL Party shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.~~

10. Notwithstanding any provision in the Engagement Agreement to the contrary, the contribution obligations of the HL Parties shall not be limited to the aggregate amount of fees actually received by Houlihan Lokey from the Debtors pursuant to the Engagement Agreement.

11. Notwithstanding anything to the contrary in this Order, the Application or the Engagement Agreement, no compensation shall be paid to Houlihan Lokey absent an order of this Court approving a fee application, ~~except that the Debtors are authorized to pay the Monthly Fee to Houlihan Lokey each month when required under the Engagement Agreement without a prior fee application~~.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

14. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

15. To the extent that this Order is inconsistent with the Engagement Agreement, the terms of this Order shall govern.

16. This Court shall retain jurisdiction to construe and enforce the terms of this Order.

# **Exhibit 1**

## **Engagement Agreement**