# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 7 & 46 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF (A) CRITICAL VENDORS AND SERVICE PROVIDERS, (B) LIEN CLAIMANTS, (C) FOREIGN VENDORS, AND (D) CERTAIN VENDORS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE; AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for the entry of a final order (this "**Final Order**") (i) authorizing, but not directing, the Debtors, in their discretion, to pay, in the ordinary course of business, Vendor Claims; and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

27881786.2

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and the First Day Declaration and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay, honor or otherwise satisfy Vendor Claims in the ordinary course of their business up to the aggregate amount set forth as follows:

| VENDOR CLAIMS | |
|---|---|
| **Type of Claim** | **Final Claims Cap** |
| Critical Vendor Claims | $2,200,000 |
| 503(b)(9) Claims | $160,000 |
| Lien Claims | $270,000 |
| Foreign Vendors | $30,000 |

3. The Debtors are authorized, but not directed, in their discretion, to condition the payment of a Vendor Claim on the agreement of the Vendor to continue supplying goods and

27881786.2

services to the Debtors on the Customary Trade Terms, or such other trade terms as are agreed to by the Debtors and the Vendor.

4. Nothing herein shall impair the Debtors' ability to contest, without prejudice, in their sole discretion, the validity and amounts of any claim obligations to the Lien Claimants.

5. Neither the Debtors nor any other party in interest concedes that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Final Order are valid, and the Debtors expressly reserve the right to contest the extent, validity or perfection or seek the avoidance of all such liens.

6. The Debtors are authorized, but not directed, in their discretion, to enter into Trade Agreements with the Vendor, including, without limitation, on the following terms:

   a. The amount of the Vendor's estimated prepetition claim, after accounting for any setoffs, other credits and discounts thereto, shall be as mutually determined in good faith by the Vendor and the Debtors (but such amount shall be used only for purposes of this Final Order and shall not be deemed a claim allowed by this Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of this Court);

   b. The amount and timing of any payment agreed to be paid in satisfaction of such estimated prepetition claim by the Debtors, subject to the terms and conditions as set forth in this Final Order;

   c. The Vendor's agreement to provide goods and services to the Debtors based upon the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability and other applicable terms and programs), or such other trade terms as are agreed to by the Debtors and the Vendor, and the Debtors' agreement to pay the Vendor in accordance with such terms;

   d. The Vendor's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their assets or property (real or personal) any lien (a "**Lien**") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Vendor by the Debtors arising from goods and services provided to the Debtors prior to the Petition Date,

and that, to the extent that the Vendor has previously obtained such a Lien, the Vendor shall immediately take all necessary actions to release such Lien;

e. The Vendor's acknowledgment that it has reviewed the terms and provisions of this Final Order and consents to be bound thereby;

f. The Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

g. If a Vendor that has received payment of a prepetition claim subsequently refuses to provide goods and services to the Debtors on Customary Trade Terms or such other trade terms as are agreed to by the Debtors and the Vendor, then, without the need for any further order of the Court, any payments received by the Vendor on account of such prepetition claim shall be deemed to have been in payment of any then-outstanding postpetition obligations owed to such Vendor. The Debtors may then take any and all appropriate steps to cause such Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Vendor.

7. The form trade agreement attached to the Motion as Exhibit C is hereby approved and the Debtors are authorized, but not required, to utilize the form trade agreement.

8. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

10. Upon the Debtors' payment of any Vendor Claim, any lien securing such Vendor Claim shall be immediately released, void, and of no further force and effect, without further action by the Debtors.

11. Any payments with respect to prepetition claims hereunder shall first be used to satisfy any allowed claim of the applicable Vendor that is entitled to priority under section 503(b)(9) of the Bankruptcy Code, and thereafter to satisfy the applicable Vendor's general unsecured claims.

12. Notwithstanding anything to the contrary in this Final Order, the Motion or its attachments, the priority status of a creditor's claim, including that of claims arising under § 503(b)(9) of the Bankruptcy Code, shall not be affected by whether such creditor executes a Vendor Agreement, or provides services or goods to the Debtors under Customary Trade Terms, or otherwise, unless the claimant otherwise agrees through the Vendor Agreement.

13. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order, the Interim Order, or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion

27881786.2

5

are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

14. Nothing herein shall prejudice the Debtors' rights to request additional authority to pay Vendor Claims.

15. Notwithstanding anything in this Final Order to the contrary, any payment to be made, or any authorization contained hereunder shall be subject to the terms of any orders authorizing debtor-in-possession financing or the use of cash collateral approved by this Court in this Chapter 11 Case (including with respect to any budget governing or relating to such use) including, without limitation, the *Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection to The Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling A Final Hearing, and (VI) Granting Related Relief* (as each order may be amended or become final in accordance with the terms thereof, the "**DIP Order**") and the Approved Budget (as defined in the DIP Order); and to the extent there is any inconsistency between the terms of such DIP Order and any action taken or proposed to be taken hereunder, the terms of such DIP Order and the Approved Budget shall control.

16. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

17. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

27881786.2

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: March 29th, 2021  
Wilmington, Delaware

27881786.2

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE