# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 8 & 47 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO HONOR PREPETITION OBLIGATIONS TO CUSTOMERS AND OTHERWISE CONTINUE CUSTOMER PRACTICES, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Final Order**") (a) authorizing, but not directing, the Debtors to honor certain prepetition obligations to customers and to otherwise continue their prepetition customer programs and practices in the ordinary course of business; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

27881849.2

Court for the District of Delaware, dated February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors, in their business judgment, are authorized, but not directed, to continue the Customer Programs and pay, setoff, or recoup the Customer Obligations in the ordinary course of business; *provided*, *however*, that amounts paid in cash on account of Customer Obligations outstanding as of the Petition Date shall not exceed $247,000 pending further order of this Court.

3. The Debtors, in their business judgment, are authorized, but not directed, to continue, renew, replace, implement, modify and/or terminate their Customer Programs as they deem appropriate, in the ordinary course of business, without further application to the Court.

4. If the Debtors at any time during these Chapter 11 Cases seek to terminate the Gift Card Program, seek to limit usage of Gift Cards, or no longer offer Customer Refunds, the Debtors shall file a motion regarding such intentions with the Court, and such motion shall provide a ten-day time period for parties to object thereto. Such a motion shall be served upon the Office of the

27881849.2

U.S. Trustee, the Committee, the United States Attorney's Office for the District of Delaware, all State Attorneys General in any State that the Debtors conduct business, and any party filing a request for service under Bankruptcy Rule 2002. During this ten-day period, Debtors shall cease to sell or distribute any additional Gift Cards or other benefits associated with the affected Customer Program. In addition, the Debtors shall post notice of their intentions on the Debtors' company website, at the Debtors' social media websites including Facebook and Twitter, and on the case website hosted by the Debtors' claims agent in these Chapter 11 Cases. If no objections are timely raised, the motion shall be granted without need of a hearing.

5. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

6. The Debtors' Banks on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented

for payment, and all such Banks are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

7. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

8. Nothing in this Final Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

10. Notwithstanding anything in this Final Order to the contrary, any payment to be made, or any authorization contained hereunder shall be subject to the terms of any orders authorizing debtor-in-possession financing or the use of cash collateral approved by this Court in this Chapter 11 Case (including with respect to any budget governing or relating to such use) including, without limitation, the *Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection to The Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling A Final Hearing, and (VI) Granting Related Relief* (as each order may be amended or become final in accordance

27881849.2

4

with the terms thereof, the "**DIP Order**") and the Approved Budget (as defined in the DIP Order); and to the extent there is any inconsistency between the terms of such DIP Order and any action taken or proposed to be taken hereunder, the terms of such DIP Order and the Approved Budget shall control.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: March 29th, 2021**        MARY F. WALRATH
27881849.2 **Wilmington, Delaware**     **UNITED STATES BANKRUPTCY JUDGE**