UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------- x
In re                                   :     Chapter 11

ALAMO DRAFTHOUSE CINEMAS      :     Case No. 21-10474 (MFW)
HOLDINGS, LLC, *et al.*
                                        :
        Debtors.                        (Jointly Administered)
------------------------------------------------------- x

**30 WEST PERSHING, LLC, OBJECTION TO CONDITIONAL
ASSUMPTION AND PROPOSED CURE AMOUNT WITH
<u>RESPECT TO NON-RESIDENTIAL LEASES OF REAL PROPERTY</u>**

30 WEST PERSHING, LLC ("30 West"), lessor of two unexpired leases of non-residential real estate to two of the captioned Debtors, files this objection to the conditional assumption, assurance of performance of such lease, and cure amount proposed by the captioned Debtors, as insufficient secure approval of assumption pursuant to 11 U.S.C. § 365(b), in support of which 30 West states:

**<u>Lease for Mission Theater, San Francisco, California</u>**

1. 30 West is lessor to Alamo Mission, LLC ("Mission"), a debtor-in-possession in the captioned cases, pursuant to that certain Lease dated August 21, 2013, of non-residential real estate (the "Mission Lease"), attached as <u>Exhibit 1</u> to *Declaration of Johnna Davis* (the "Davis Decl."), ¶¶ 1-3, attached hereto as <u>Exhibit A</u>.

2. The monthly rent under the Mission Lease is due on the first day of each month. *Mission Lease*, § 5.2.

3. The unpaid monthly rent due under the Mission Lease was $111,663.46 for the months of April 2021 through December 2021. *Second Amendment to Lease* dated November 21,

2014, § 1(b).  *See* Exhibit 2 to *Davis Decl.*, ¶ 4.  The unpaid monthly rent for the months from and after January 2021 is $122,829.81.  *See* Exhibit 3 to *Davis Decl.*, ¶ 5.

4. Mission commenced its Chapter 11 bankruptcy case on March 3, 2021.  *Case No. 21-10484,* Doc. 1.

5. Debtors state that Mission is in default of monetary obligations under the Mission Lease in the sum of $1,262,517.52, as of March 17, 2021.  *See Notice of Possible Assumption and Assignment and Cure Amounts with Respect to Executory Contracts and Unexpired Leases of the Debtors* (the "Assumption Notice"), Doc. No. 102-1.

6. However, the correct figure for the sum to cure the monetary defaults on that date was $1,373,460.57 and will increase on April 1, 2021, to $1,496,290.38 if the monthly rent due on that date is not paid.  The itemization of the cure amount is reported on Exhibit 4 to *Davis Decl.,* ¶ 6.  The defaults will increase on the Mission Lease if Debtors do not pay real estate taxes that become due on April 12, 2021, in the sum of $126,035.94.  *See* Exhibit 5 to *Davis Decl.*, ¶ 7.

## Lease for Lakeline Theater in Austin, Texas

7. 30 West is lessor to Alamo Lakeline, LLC ("Lakeline"), a debtor-in-possession in the captioned cases, pursuant to that certain Lease dated September 17, 2012, of non-residential real estate (the "Lakeline Lease").  *See* Exhibit 6 to *Davis Decl.*, ¶ 8.

8. The monthly rent under the Lakeline Lease is due on the first day of each month.  *Lakeline Lease*, § 5.2.

9. The unpaid monthly rent due under the Mission Lease was $84,777.00 from and after April 2020.  *First Amendment to Lease* dated May 30, 2013, § 1(b).  *See* Exhibit 7 and Exhibit 8 to *Davis Decl.*, ¶¶ 9 & 10.

10. Lakeline commenced its Chapter 11 bankruptcy case on March 3, 2021. *Case No. 21-10506*, Doc. 1.

11. Debtors state that Lakeline is in default of monetary obligations under the Lakeline Lease in the sum of $895,061.06, as of March 17, 2021. *See Assumption Notice*.

12. However, the correct figure for the sum to cure the rent defaults on that date was $971,633.83 and will increase on April 1, 2021, to $1,056,410.83 if the monthly rent due on that date is not paid. The itemization of the cure amount is reported on Exhibit 4 to *Davis Decl*., ¶ 7. In addition, Lakeline has failed to pay common area maintenance charges of $46,466.39 through March 1, 2021, which will increase by at least $6,496.00 if not paid when due on April 1, 2021. *See* Exhibit 9 & Exhibit 10 to *Davis Decl.,* ¶¶ 11 & 12.

### Debtor Notice of Possible Assumption of Lease

13 Mission and Lakeline each seek to possibly assume the Mission Lease and Lakeline Lease (collectively, the "Leases"), respectively, if the Leases are selected by a purchaser for assignment and propose the foregoing cure amounts. *Assumption Notice*, Doc. 102, at 2.

### Defaults Under Lease That Must Be Cured

14. Instead, Mission and Lakeline must pay the sums set forth above by 30 West to cure the monetary defaults on each of the Leases, respectively, and 30 West objects to assertion of the incorrect figures proposed by the Debtors as sufficient to cure those defaults on the date of actual assumption. 11 U.S.C. § 365(b)(1)(A).

### Payment of Compensation for Default

15. 30 West has suffered actual pecuniary loss as a result of the monetary defaults of Mission and Lakeline on their respective Leases in the form of attorneys' fees to address the defaults and enforce 30 West's rights under the Leases. *Davis Decl.*, ¶ 13. 30 West objects to

assumption of either Lease unless 30 West is compensated for such losses on each such Lease. 11 U.S.C. § 365(b)(1)(B).

### Sufficient Evidence of Adequate Assurance of Performance by Debtors

16. 30 West further objects to entry of any order approving assumption of each of the Leases without sufficient evidence establishing adequate assurance of future performance by Mission or Lakeline, respectively. 11 U.S.C. § 365(b)(1)(C).

### Sufficient Evidence of Adequate Assurance of Performance by Assignee(s)

17. Debtors indicate that assumption will occur if the Leases are selected for acquisition by an asset purchaser from Debtors. *Assumption Notice* at 1. Both leases prohibit assignment absent certain circumstances specified in Article 10 of each Lease. 30 West does not consent to such assignment of either Lease. *Davis Decl.*, ¶ 14. 30 West thus further objects to assumption and assignment without sufficient evidence establishing adequate assurance of future performance by any such assignee. 11 U.S.C. § 365(f)(2)(B).

WHEREFORE, 30 West objects to approval of any request for assumption or assignment of each Lease absent compliance with the foregoing requirements of the Bankruptcy Code.

Date:  April 7, 2021
       Wilmington, DE

**McCARTER & ENGLISH LLP**

*/s/ Kate R. Buck*
Kate R. Buck. (No. 5140)
Shannon D. Humiston (No. 5740)
405 North King Street, 8th Floor
Wilmington, DE 19801
Telephone:  (302) 984-6300
Facsimile:   (302) 984-6399
Email: kbuck@mccarter.com
           shumiston@mccarter.com

*-and-*

Mark S. Carder (admitted *pro hac vice*)
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Phone: (816) 842-8600
Email: mark.carder@stinson.com

*Attorneys for 30 West Pershing, LLC*