# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**May 3, 2021 at 11:30 a.m. (ET)**<br><br>**Objection Deadline:**<br>**April 26, 2021 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1, AUTHORIZING THE DEBTORS TO REDACT CERTAIN CONFIDENTIAL INFORMATION IN CONNECTION WITH THE DEBTORS' MOTION FOR ORDER, PURSUANT TO SECTIONS 363(b) AND 503(c) OF THE BANKRUPTCY CODE (I) APPROVING KEY EMPLOYEE RETENTION PLAN AND KEY EMPLOYEE INCENTIVE PLAN AND (II) GRANTING RELATED RELIEF**

Alamo Drafthouse Cinemas Holdings, LLC and the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby file this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

27958959.1

Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to redact certain confidential information in connection with the *Debtors' Motion for Order Pursuant to Sections 363(b) and 503(c) of the Bankruptcy Code (I) Approving Key Employee Retention Plan and Key Employee Incentive Plan and (II) Granting Related Relief* [Docket No. 278] (the "**KERP/KEIP Motion**"),[2] filed contemporaneously herewith. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

**A.    General Background**

4. On March 3, 2021 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") with this

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the KERP/KEIP Motion.

27958959.1

Court. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 15, 2021, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**").

5. Additional information about the Debtors' business and the events leading to the commencement of the Chapter 11 Cases can be found in the *Declaration of Matthew Vonderahe in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 11].

**B.    KERP/KEIP Motion**

6. Contemporaneously herewith, the Debtors filed the KERP/KEIP Motion. As set forth more fully in the KERP/KEIP Motion, the Debtors seek entry of an order approving the KERP and KEIP Plan and authority to remit the payments contemplated thereunder. Included in the KERP/KEIP Motion are (i) lists of the Participants, along with sensitive information pertaining to their salaries and the potential payments under the KEIP or KERP, as applicable; and (ii) the KEIP Metrics (collectively, the "**Confidential Information**"). Given the nature of these details, the Debtors have filed the Confidential Information under seal, but subsequent to the filing of this Motion, the Debtors will provide the Confidential Information to U.S. Trustee, counsel to the Postpetition Lenders, and counsel for the Committee (collectively, the "**Notice Parties**") on a confidential basis.

## RELIEF REQUESTED

7. The Debtors file this Motion to protect the privacy of the Participants and to preserve commercially sensitive information related to the compensation levels for their non-senior management and non-insider employees, as well as specific business performance-based targets. If the Confidential Information were disclosed, it could have material adverse effects upon the Debtors' proposed sale process and the Debtors' businesses in general. The

27958959.1

Debtors seek to keep the Participants' proposed bonuses and business performance targets from being disclosed to the Debtors' competitors who could use such information to the Debtors' detriment by, among other things, recruiting the Debtors' personnel. Likewise, such information could negatively affect the Debtors' ability to negotiate with potential bidders in the Debtors' proposed sale transaction. In addition, the Debtors believe that public disclosure of such information will have a negative impact on employee morale. Accordingly, by this Motion, the Debtors request that the Court enter the Proposed Order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing the Debtors to redact the Confidential Information and directing that (i) such information shall remain confidential and not made available to anyone, except for the Court, the Notice Parties, and others only (a) at the discretion of the Debtors or (b) upon further Court order, and (ii) any subsequent pleadings that include or reference the Confidential Information shall also redact such information to preserve the confidentiality of such information.

8. The Debtors do not seek to withhold from public disclosure the reasons supporting approval of the KERP and KEIP Plan, the mechanics of the proposed payments under the KERP and KEIP Plan or how they were determined, or the aggregate amounts thereof. Instead, the Debtors seek to file the Confidential Information under seal because its disclosure would be detrimental to the Debtors' businesses and the success of these Chapter 11 Cases.

**BASIS FOR RELIEF REQUESTED**

9. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

27958959.1

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . ." Fed. R. Bankr. P. 9018.

11. Local Rule 9018-1(d) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

12. The Debtors submit that good cause exists for the Court to grant the relief requested herein. The Confidential Information is non-public, confidential information regarding KEIP Participants, KERP Participants, and the KERP and KEIP Plan. First, the Debtors do not publicly disclose the compensation payable to their employees, and the Debtors wish to respect the privacy of their employees. Next, if competitors are made aware of the identities and the amounts payable to the Participants, they may try to use that information in efforts to recruit the applicable Employees. This would obviously be particularly harmful in the context of these Chapter 11 Cases, where the Debtors are seeking to maximize value for the benefit of all creditors with a potential going-concern sale of their business. Disclosure of the Confidential Information could

also be a detriment to workforce morale or cause harm or distress to the Participants. Finally, the proposed payments under the KEIP are, in part, tied to the effectuation of a successful outcome for these Chapter 11 Cases (as described in greater detail in the KERP/KEIP Motion, the "**KEIP Metrics**"). Publicly disclosing the KEIP Metrics could have a detrimental effect upon the Debtors' marketing efforts, which would negatively impact the Debtors' estates and their creditors' recovery.

13. In light of the foregoing, the Debtors submit that filing the Confidential Information under seal is necessary and appropriate, as the potential negative effects of publicly disclosing such information are some of the very harms that the KERP and KEIP Plan is designed to avoid. The continued focus and dedication of the Participants is critical to the success of the Debtors' restructuring efforts, and without it, there could be a significant disruption to the Debtors' efforts to successfully prosecute the Chapter 11 Cases.

14. Furthermore, as set forth above, the Debtors intend to provide the Notice Parties in the Chapter 11 Cases an unredacted copy of the KERP and KEIP Plan, and the KERP/KEIP Motion discloses the aggregate amount of potential payments.

15. Accordingly, the Debtors submit that approval of this Motion is necessary and appropriate and in the best interests of the Debtors, their estates, and creditors.

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9018-1**

16. The undersigned counsel hereby certifies, pursuant to Local Rule 9018-1(d)(iv) that it would be futile for the Debtors to confer with the KEIP Participants and KERP Participants regarding the redaction of their personal identification and salary information because such information is so inherently sensitive, and the proposed redactions sufficiently narrow, as to

obviate the need to confer with the KEIP Participants and KERP Participants about the scope and need for redaction.

17. Additionally, in accordance with Local Rule 9018-1(d), the Debtors will file with the Court a publicly viewable redacted form of the KERP and KEIP Plan.

## **NOTICE**

18. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Postpetition Lenders; and (d) parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

27958959.1

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in the Motion and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: April 12, 2021<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Betsy L. Feldman*<br>M. Blake Cleary (No. 3614) (mbcleary@ycst.com)<br>Matthew B. Lunn (No. 4119) (mlunn@ycst.com)<br>Kenneth J. Enos (No. 4544) (kenos@ycst.com)<br>Betsy L. Feldman (No. 6410) (bfeldman@ycst.com)<br>Jared W. Kochenash (No. 6557) (jkochenash@ycst.com)<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br><br>*Counsel to the Debtors and Debtors in Possession* |

27958959.1