IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC | ) ) | |
| | ) | Case No. 21-10474 |
| | ) | |
| Debtor. | ) | |

**THE TEXAS TAXING AUTHORITIES' OBJECTION TO THE DEBTORS' NOTICE OF SALE OF ASSETS, STALKING HORSE APA, BIDDING PROCEDURES, AUCTION AND SALE HEARING**
[Related Dkt. No. 247]

TO THE HONORABLE COURT:

NOW COMES The County of Williamson, Texas, and The County of Comal, Texas (hereinafter "Texas Taxing Authorities") and files this Objection to the Debtors' Notice of Proposed Sale of Assets, Stalking Horse APA, Bidding Procedures, Auction, and Sale Hearing and respectfully shows the court the following:

1. The Texas Taxing Authorities are units of local government in the State of Texas which possess the authority under the laws of the State to assess and collect *ad valorem* taxes on business personal property.

2. Texas Taxing Authorities filed their pre-petition secured proof of claims herein for *ad valorem* property taxes assessed against the Debtor's property for tax year 2021 in the amount of $47,263.40.

3. The Texas Taxing Authorities claims are for business personal property taxes incurred by the Debtor in the ordinary course of business. These taxes are secured by first priority

liens pursuant to Texas Property Code §§ 32.01 and 32.05. In pertinent part, §32.01 provides:

   a. **On January 1 of each year, a tax lien attaches** to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year…

   b. A tax lien on inventory, furniture, equipment, and their personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquire.

   c. The lien under this section is perfected on attachment and … **perfection requires no further action** by the taxing unit.

4. The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05(b); See also, Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien.) The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. – Dallas 1994). The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995)

5. Texas Taxing Authorities do not oppose the Sale provided that the proceeds from the sale of the Texas Taxing Authorities collateral constitutes their cash collateral, and they object

to the use of the collateral to pay any other creditors of this estate. Pursuant to 11 U.S.C. § 363(c) (4), absent consent by Texas Taxing Authorities or an order of the Court permitting use of the cash collateral, the Debtor "shall segregate and account for any cash collateral" in its possession. Accordingly, absent consent, a segregated account must be established from the sale proceeds to comply with the requirement of § 363(c) (4), These proceeds from the sale of Texas Taxing Authorities' collateral should not be distributed to any other party unless and until its claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

6. In the event of a credit bid, the ad valorem tax debt for tax years 2021 owed incident to the subject properties shall be paid at closing and the ad valorem tax lien shall be retained against the properties, until all ad valorem tax debts owed incident to the subject properties have been paid in full.

WHEREFORE, the Texas Taxing Authorities pray that this Court grants the Sale, subject to the requests of The Texas Taxing Authorities, and grant them all other relief as may be just.

Dated: April 22, 2021

Respectfully submitted,
**MCCREARY, VESELKA, BRAGG & ALLEN, P.C.**
*Attorneys for The Texas Taxing Authorities*
P. O. Box 1269
Round Rock, TX 78680-1269
Telephone: 512.323.3200
Facsimile: 512.323.3205
By: */s/ Tara LeDay*
Tara LeDay – TX 24106701
Direct: (512) 323-3241
tleday@mvbalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Objection to the Debtors' Sale Notice* was served on this 22nd day of April, 2021, by electronic filing and/or first class mail upon the following:

*/s/ Tara LeDay*
Tara LeDay

**Debtor:**
**Alamo Drafthouse Cinemas Holdings, LLC**
3908 Avenue B
Austin, TX 78751

**Debtors Attorney's:**
**Betsy Lee Feldman**
Young Conaway Stargatt & Taylor
Rodney Square
1000 North King Street
Wilmington, DE 19801

**U.S. Trustee:**
**Timothy Jay Fox, Jr.**
Office of the United States Trustee
U. S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801