IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 36 and 285** |

**STATEMENT AND RESERVATION OF RIGHTS OF THE ALAMO FRANCHISEES TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING ASSET PURCHASE AGREEMENT, (II) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES OTHER THAN ASSUMED LIABILITIES AND PERMITTED ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, <u>AND (IV) GRANTING RELATED RELIEF</u>**

COME NOW the ADC Franchisee Association, Inc. (the "**Association**") and its Alamo Drafthouse Cinemas franchise members (collectively the "**Alamo Franchisees**")[2] and file this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2] The "**Franchisees**" are Triple Tap Ventures LLC, Triple Tap Alamo Lubbock LLC, El Paso Texas Alamo Operations, LLC, Triple Tap Alamo Sugar Land LLC, Triple Tap Alamo LaCenterra LLC, Triple Tap Alamo League City-Operations LLC, Alamo Monteverde Operations, LLC, Iced Tea with Lemon, LLC, Two Is One, One Is None, LLC, Dos Peliculas, LLC, Tres Peliculas, LLC, Cinco Peliculas, LLC, Seis Peliculas, LLC, Woodbury Alamo, LLC, North Richland Hills Alamo, LLC, Cojeaux Cinemas, LLC, Alamo Drafthouse Cinema Charlottesville LLC, ADC Woodbridge, LLC, Alamo Drafthouse D.C., LLC, Alamo One Loudoun, LLC, ADC Crystal City, LLC, NL Entertainment, LLC, Springboard Ventures, LLC, BACH Management, LLC, Reel Dinner Partners – Laredo, LLC, Reel Dinner Partners – Corpus Christi, LLC, Entertainment Management Co., LLC, Midtown Alamo LLC and Franchise Holdings GA-NC LLC.

statement and reservation of rights (the "**Reservation of Rights**") to the proposed sale transaction for the Assets.[3] In support of this Reservation of Rights, they respectfully state as follows:

## INTRODUCTION

1. The Association and the Alamo Franchisees incorporate by reference as if set forth herein in its entirety the *Omnibus Objection of the Alamo Franchisees to the Notice of Possible Assumption and Assignment and Cure Amounts with Respect to the Executory Contracts and Unexpired Leases of the Debtors* filed on April 14, 2021 [Docket No. 285] (the "**Cure Objection**").

2. Under the proposed *Order (A) Authorizing and Approving the Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief filed with the Sale Motion* [Docket No. 36] (the "**Proposed Sale Order**"), other than cures, Assumed Liabilities and Permitted Encumbrances, the Stalking Horse Purchaser will acquire the Assets free and clear of all claims, liabilities and encumbrances. It further provides that "[e]ach non-Debtor party to a Purchased Contract hereby is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtors or Purchaser, or the property of any of them, any default or Claim arising out of any indemnity obligation or warranties for acts or

---

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to each in the *Debtors' Motion For Entry Of: (A) An Order (I) Scheduling A Hearing On The Approval Of The Sale Of All Or Substantially All Of The Debtors' Assets Free And Clear Of All Encumbrances Other Than Assumed Liabilities And Permitted Encumbrances, And The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (II) Approving Certain Bidding Procedures And Assumption And Assignment Procedures, And The Form And Manner Of Notice Thereof, (III) Approving The Debtors' Entry Into The Stalking Horse APA And All Of Its Terms, Including Bidding Protections, And (IV) Granting Related Relief; And (B) An Order (I) Approving Asset Purchase Agreement, (II) Authorizing The Sale Of All Or Substantially All Of The Debtors' Assets Free And Clear Of All Encumbrances Other Than Assumed Liabilities And Permitted Encumbrances, (III) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (IV) Granting Related Relief* [Docket No. 36] (the "**Sale Motion**") or the Cure Objection (defined herein).

77725698.1

occurrences arising prior to or existing as of the Closing, including those constituting Excluded Liabilities, or, against Purchaser, any counterclaim, defense, setoff or any other Claim asserted or assertable against the Debtors." Proposed Sale Order, ¶ 17. The Proposed Sale Order also provides that it is intended to operate as a final determination that no claims can be asserted against the Buyer and that all Claims have been unconditionally, released, discharged and terminated. *Id*. at ¶ 11.

3. While the Association and the Alamo Franchisees do not object to the Sale of substantially all of the Debtors' Assets, they wish to assert and preserve all rights and claims that they would otherwise be entitled to under the applicable Franchise Agreements and Development Agreements and applicable law.

4. As detailed in the Cure Objection, the Association and the Alamo Franchisees object to the Sale to the extent that the Sale includes the assumption and assignment of the Franchise Agreements and Development Agreements, yet (i) the Debtors are not subject to all of the related contractual obligations to the Alamo Franchisees arising under all of the Franchise Agreements and Development Agreements; (ii) such Sale is not be conditioned upon the cure of all defaults thereunder as required by section 365(b)(1)(A) and (B), and compliance with all other requirements of section 365 of the Bankruptcy Code; (iii) the Sale extinguishes the Alamo Franchisees' valid and enforceable setoff and recoupment rights and any related claims arising thereto; (iv) unilaterally modifies the Franchise Agreements and Development Agreements, through the assumption and assignment process; and (v) the proposed assumption of the Franchise Agreements and Development Agreements does not assume all integrated agreements or amendments or modifications thereto.

5.      The Association and the Alamo Franchisees, through counsel, have contacted Debtors' counsel to clarify and resolve the issues raised herein, but out of an abundance of caution files this Reservation of Rights to preserve all its rights and claims in connection with the proposed Sale.

6.      The Association and the Alamo Franchisees hereby expressly reserve all rights to amend, supplement, modify, or withdraw this Reservation of Rights in whole or in part at any time. The Association and the Alamo Franchisees do not waive any rights by filing this Reservation of Rights, including, without limitation, the right to object to and/or raise any other issue in connection with the Sale Motion and any proposed Sale transaction. The Association and the Alamo Franchisees also reserves the right to further address the Sale Motion, Sale, Sale Order and any other issues raised by the Debtors or any other party through discovery, at any hearing or through any pleading.

[Signature Page Follows]

Dated: April 22, 2021
       Wilmington, Delaware

Respectfully Submitted,

**POLSINELLI PC**

*/s/ Shanti M. Katona*
Shanti M. Katona (DE Bar No. 5352)
222 Delaware Ave, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
skatona@polsinelli.com

-and-

Andrew J. Nazar
900 West 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
anazar@polsinelli.com

*Counsel to ADC Franchisee Association, Inc., Triple Tap Ventures LLC, Triple Tap Alamo Lubbock LLC, El Paso Texas Alamo Operations, LLC, Triple Tap Alamo Sugar Land LLC, Triple Tap Alamo LaCenterra LLC, Triple Tap Alamo League City-Operations LLC, Alamo Monteverde Operations, LLC, Iced Tea with Lemon, LLC, Two Is One, One Is None, LLC, Dos Peliculas, LLC, Tres Peliculas, LLC, Cinco Peliculas, LLC, Seis Peliculas, LLC, Woodbury Alamo, LLC, North Richland Hills Alamo, LLC, Cojeaux Cinemas, LLC, Alamo Drafthouse Cinema Charlottesville LLC, ADC Woodbridge, LLC, Alamo Drafthouse D.C., LLC, Alamo One Loudoun, LLC, ADC Crystal City, LLC, NL Entertainment, LLC, Springboard Ventures, LLC, BACH Management, LLC, Reel Dinner Partners – Laredo, LLC, Reel Dinner Partners – Corpus Christi, LLC, Entertainment Management Co., LLC, Midtown Alamo LLC, and Franchise Holdings GA-NC LLC*

77725698.1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of April, 2021, a true and correct copy of the **Statement and Reservation of Rights of the Alamo Franchisees to Debtors' Motion for Entry of an Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief** was served upon all parties of record via CM/ECF and upon the parties listed below via electronic mail.

Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Attn: Matthew B. Lunn (mlunn@ycst.com) and Kenneth J. Enos (kenos@ycst.com)

Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington DE, 19801
Attn: Bradford Sandler (bsandler@pszjlaw.com) and Robert Feinstein (rfeinstein@pszjlaw.com)

Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036
Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com)

Proskauer Rose LLP
One International Place
Boston, MA 02110
Attn: Charles A. Dale (cdale@proskauer.com)

Office of the United States Trustee
for the District of Delaware
855 King Street, Suite 2207
Lockbox 35
Wilmington, Delaware 19801
Attn: Timothy J. Fox, Jr. (timothy.fox@usdoj.gov)

*/s/ Shanti M. Katona*
Shanti M. Katona (Del Bar. No. 5352)

77737795.1