UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:	CASE NO. 21-10474 (MFW)

ALAMO DRAFTHOUSE CINEMAS
HOLDINGS, LLC, et al,	Chapter 11
	Jointly Administered
    DEBTORS.
	Hearing: May 3, 2021 at 11:30 a.m. ET

**LOCAL TEXAS TAX AUTHORITIES' OBJECTION TO DEBTORS' MOTION FOR ENTRY OF : (A) AN ORDER (I) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES OTHER THAN ASSUMED LIABILITIES AND PERMITTED ENCUMBRANCES, AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) APPROVING CERTAIN BIDDING PROCEDURES AND ASSUMPTION AND ASSIGNMENT PROCEDURES, AND THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVING THE DEBTORS' ENTRY INTO THE STALKING HORSE APA AND ALL OF ITS TERMS, INCLUDING BIDDING PROTECTIONS, AND (IV) GRANTING RELATED RELIEF; AND (B) AN ORDER (I) APPROVING ASSET PURCHASE AGREEMENT, (II) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES OTHER THAN ASSUMED LIABILITIES AND PERMITTED ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

TO THE HONORABLE COURT:

  NOW COME Bexar County, Dallas County, El Paso, Ellis County, Irving ISD, Nueces County and Tarrant County (jointly the "Local Texas Tax Authorities" or "Tax Authorities") and file their Objection to the Debtors' Motion for entry of an Order approving the sale of substantially all property of the Debtors, and for other related relief (Docket no. 36, hereinafter the "Sale Motion"). In support of their Objection, the Tax Authorities would show the Court the following:

1

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State. The Tax Authorities have filed secured claims totaling approximately $435,000 for ad valorem taxes owed on the Debtors' personal property for the 2020 and 2021 tax years.

II.

The claims of the Tax Authorities are secured with unavoidable liens that are superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code §§ 32.01 and 32.05(b). The priority of the tax claims and related liens is determined under applicable non-bankruptcy law.   11 U.S.C. § 506; Butner v. U.S., 440 U.S. 48, 55 (1979).  The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.  See Texas Property tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).  The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).   The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor.   See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).   The tax lien is also unavoidable.   See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).   Pursuant to Paragraph 53 of the Financing Order (Docket no. 249), the liens of the Tax Authorities are not subordinated by the liens granted in the Financing Order.

III.

The proponents of the Sale Motion have failed to demonstrate that the liens of the Tax Authorities are adequately protected.  While the Movants have agreed that the tax liens may attach to the sale proceeds, such lien attachment does not adequately protect the tax liens and claims of the Tax Authorities as required by 11 U.S. C. § 363(e).

The proceeds from the sale of the Tax Authorities' collateral constitute the cash collateral of these claimants, and they object to the use of their collateral to pay any other creditors of this estate, particularly junior lienholders.  Pursuant to 11 U.S.C. § 363(c) (4), absent consent by these claimants or an order of the Court permitting use of their cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.  The Debtors have not filed a motion seeking to use the cash collateral of these claimants nor has there been notice or a hearing on the use of these claimants' collateral.  Accordingly, absent their consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4).  The proceeds from the sale of the Tax Authorities' collateral should not be distributed to any other party, and particularly in repayment of junior liens such as the DIP Obligations, unless and until their claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

Further, in the event of a credit bid (as permitted under paragraph 39 of the Interim DIP Order, pages 49-50), there may be no sale proceeds to which the liens can attach or which may be used to pay the claims of the Tax Authorities.  In the event of a credit bid by a junior lienholder, the Tax Authorities' liens should be paid at closing. A credit bid by a junior lienholder is an attempt to avoid the consequences of foreclosing/seizing the property under applicable non-bankruptcy law which would require it to take the property subject to the tax liens.  There is no legal or

3

equitable basis for thus subordinating or avoiding the tax liens. Absent provisions for the adequate protection of the tax liens, the Local Texas Tax Authorities object to the approval of a sale on a credit bid.

IV.

WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Sale Motion and request this Court to order appropriate provisions to assure the protection of the position of these secured tax creditors, and further request such other relief as to which the Court may find they are entitled.

Dated: April 22, 2021

Respectfully submitted,

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

BY:   /s/ Elizabeth Weller
        Elizabeth Weller
        Tex. Bar No. 00785514

2777 N. Stemmons Fwy., Ste. 1000
Dallas, TX 75207
(469)221-5075 phone
(469)221-5003 fax
BethW@LGBS.com email

Counsel for the Local Texas Tax Authorities

4

CERTIFICATE OF SERVICE

I hereby certify that this 22th day of April, 2021, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon the parties set forth below via electronic mail as indicated.

    /s/ Elizabeth Weller
Elizabeth Weller


Debtors, Alamo Drafthouse Cinemas Holdings, LLC
Attn: Matthew Vonderahe (matt.vonderahe@drafthouse.com );

Young Conaway Stargatt & Taylor, LLP
Attn: Matthew B. Lunn (mlunn@ycst.com ) and Kenneth J. Enos (kenos@ycst.com );

Pachulski Stang Ziehl & Jones LLP
Attn: Brandford Sandler (bsandler@pszjlaw.com) and Robert Feinstein (rfeinstein@pszjlaw.com)

Ropes & Gray LLP,
Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com)

Proskauer Rose LLP
Attn: Charles A. Dale (cdale@proskauer.com)

Office of the United States Trustee,
Attn: Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov )