**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered) |

**NOTICE OF ESTABLISHMENT OF BAR DATES FOR (A) FILING PROOFS OF PREPETITION CLAIMS, INCLUDING SECTION 503(b)(9) CLAIMS AND (B) REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS ARISING AFTER THE PETITION DATE THROUGH AND INCLUDING MAY 4, 2021**

**To All Persons and Entities who may hold claims against any of the following Debtor entities:**

| DEBTOR | CASE NO. | TAX ID NO. |
|---|---|---|
| Alamo Drafthouse Cinemas Holdings, LLC | 21-10474 (MFW) | 82-5112205 |
| Alamo Drafthouse Cinemas, LLC | 21-10475 (MFW) | 27-2425717 |
| Alamo Vineland, LLC | 21-10476 (MFW) | 83-2831626 |
| Alamo League Investments Gp, LLC | 21-10477 (MFW) | 82-5171811 |
| Alamo League Investments, Ltd. | 21-10478 (MFW) | 46-5477227 |
| Alamo South Lamar Gp, LLC | 21-10479 (MFW) | 71-0963632 |
| Alamo South Lamar, LP (a/k/a Alamo Drafthouse South Lamar) | 21-10480 (MFW) | 54-2144563 |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

| DEBTOR | CASE NO. | TAX ID NO. |
|---|---|---|
| Alamo Drafthouse Raleigh, LLC | 21-10481 (MFW) | 81-5375979 |
| Alamo DH Anderson Lane, LLC (a/k/a Alamo Anderson Lane, Ltd.; Alamo Drafthouse Village) | 21-10482 (MFW) | 46-5523642 |
| Alamo Yonkers, LLC | 21-10483 (MFW) | 45-5304971 |
| Alamo Mission, LLC (a/k/a Alamo Drafthouse New Mission; Alamo Drafthouse Mission, LLC) | 21-10484 (MFW) | 45-5272284 |
| Alamo Ritz, LLC (a/k/a Alamo Downtown, Inc.; Alamo Drafthouse The Ritz) | 21-10485 (MFW) | 46-5469465 |
| Alamo Mueller, LLC (a/k/a Alamo Drafthouse Mueller) | 21-10486 (MFW) | 47-4621221 |
| Mondo Tees, LLC | 21-10487 (MFW) | 20-8166900 |
| Alamo City Foundry, LLC | 21-10488 (MFW) | 82-4926092 |
| Alamo Mainstreet, LLC | 21-10489 (MFW) | 45-5232052 |
| Alamo City Point, LLC (a/k/a Alamo Drafthouse Cinema; House of Wax) | 21-10490 (MFW) | 46-1583691 |
| Alamo Liberty, LLC (a/k/a Alamo Drafthouse Cinema) | 21-10491 (MFW) | 82-4375755 |
| Alamo Satown, LLC | 21-10492 (MFW) | 82-5006197 |
| Alamo Marketplace, LLC | 21-10493 (MFW) | 82-5087041 |
| Alamo Stone Oak, LLC | 21-10494 (MFW) | 82-5068398 |
| Alamo Westlakes, LLC | 21-10495 (MFW) | 82-5014931 |
| Alamo Park North, LLC | 21-10496 (MFW) | 82-5051252 |
| Alamo North SA, LLC (a/k/a Alamo La Cantera, LLC) | 21-10497 (MFW) | 83-3436623 |
| Alamo Avenue B, LLC | 21-10498 (MFW) | 83-3418950 |
| Alamo Slaughter Lane Gp, LLC | 21-10499 (MFW) | 26-4086968 |
| Alamo Slaughter Lane, Ltd. (a/k/a Alamo Drafthouse Slaughter Lane) | 21-10500 (MFW) | 27-1575341 |
| Alamo Cinemas Group I Gp, LLC | 21-10501 (MFW) | 20-8979537 |
| Alamo Cinema Group I, LP | 21-10502 (MFW) | 20-8979656 |
| Alamo Westminster, LLC | 21-10503 (MFW) | 81-3788906 |
| Alamo Staten Island, LLC | 21-10504 (MFW) | 81-5097781 |
| Alamo Aspen Grove, LLC | 21-10505 (MFW) | 45-2627786 |

| DEBTOR | CASE NO. | TAX ID NO. |
|---|---|---|
| Alamo Lakeline, LLC (a/k/a Alamo Drafthouse Lakeline) | 21-10506 (MFW) | 45-5145294 |
| Alamo Sloans, LLC | 21-10507 (MFW) | 46-5629343 |

YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE HOLDING A CLAIM AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

On March 3, 2021 (the "**Petition Date**"), Alamo Drafthouse Cinemas Holdings, LLC and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") filed petitions commencing chapter 11 cases under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). Any person or entity that fails to timely assert a claim shall not be entitled to participate as a beneficiary of the Creditors' Trust.

On April 29, 2021, the Court entered an order [Docket No. 414] (the "**Bar Date Order**") establishing various bar dates for filing Proofs of Claim and requests for allowance of certain administrative expenses. The Court has established **June 8, 2021 at 4:00 p.m. (prevailing Eastern time)** (the "**General Bar Date**") as the general claims bar date for filing Proofs of Claim in these chapter 11 cases for all persons and entities other than governmental units, and **August 30, 2021, at 4:00 p.m.** (prevailing Eastern time) (the "**Governmental Bar Date**") as the bar date for governmental units to file Proofs of Claim in these chapter 11 cases.. As described below, the Bar Date Order also establishes different bar dates for other categories of claims.

In addition, the Bar Date Order established **June 8, 2021 at 4:00 p.m. (prevailing Eastern time)** (the "**Administrative Expense Bar Date**") as the date by which parties holding or wishing to assert claims under section 503(b) and 507(a)(2) of the Bankruptcy Code (each, an "**Administrative Expense Claim**") for the actual and necessary costs and expenses, incurred after the Petition Date through and including May 4, 2021, of preserving the Debtors' estates and operating the businesses of the Debtors (such as amounts outstanding, if any, for goods and services provided to the Debtors during such time period by the Debtors' employees and vendors) must file a Proof of Claim.

For your convenience, enclosed with this notice is a personalized Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "**Schedules**").

As used in this notice: the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the United States trustee; the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively; the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent,

matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; the term "**Section 503(b)(9) Claims**" means any claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code; and the term "Proof of Claim" means a proof of claim with respect to any prepetition claim or a request for allowance and payment of an administrative expense with respect to any post-petition claim.

**1. The Bar Dates**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these cases (the "**Bar Dates**"):

(i) **The General Bar Date**. Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by ***June 8, 2021 at 4:00 p.m. (prevailing Eastern time)***. The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including Section 503(b)(9) Claims, secured claims, unsecured priority claims, and unsecured nonpriority claims.

(ii) **The Governmental Bar Date**. Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by ***August 30, 2021 at 4:00 p.m. (prevailing Eastern time)***. The Government Bar Date applies to all governmental units holding claims against the Debtors (whether Section 503(b)(9) Claims, secured claims, unsecured priority claims, or unsecured nonpriority claims) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax periods or prepetition transactions to which the Debtors were a party.

(iii) **The Amended Schedule Bar Date**. If, subsequent to the date of this notice, a Debtor amends or supplements its Schedules to modify the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules to change the nature or classification of a claim against a Debtor reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the affected claim on or before the later of (a) the General Bar Date (or the Government Bar Date for governmental units) and (b) 21 days after the date that notice of the applicable amendment or supplement to the Schedules is served on the creditor. The later of these dates is referred to in this Notice as the "**Amended Schedule Bar Date**."

(iv) **The Rejection Bar Date**. Any entity whose claim arises out of the Court-approved rejection of an executory contract or unexpired lease pursuant to section 365 of the

Bankruptcy Code must file a Proof of Claim on or before the later of (a) the General Bar Date (or the Government Bar Date for governmental units), and (b) 30 days after the date of entry of the order authorizing the rejection of the applicable contract or lease. The later of these dates is referred to in this Notice as the "**Rejection Bar Date**." For the avoidance of doubt, claims arising from the rejection of unexpired leases of the Debtors for the purposes of this Bar Date Order shall include (i) any claims under such unexpired leases as of the Petition Date, and (ii) any administrative expense claims arising under such unexpired leases between the Petition Date and May 4, 2021, and such parties shall not be required to file Proofs of Claim with respect to such amounts unless and until such unexpired lease has been rejected.

(v) **Administrative Expense Bar Date**. Pursuant to the Bar Date Order, all claimants holding Administrative Expense Claims against the Debtors' estates arising from and after the Petition Date through and including May 4, 2021 (excluding claims for fees and expenses of professionals retained in these proceedings) must file a Proof of Claim with respect to such claim so that it is received on or before ***June 8, 2021 at 4:00 p.m. (prevailing Eastern time)*** (the "**Administrative Expense Bar Date**").

**2. Who Must File a Proof of Claim**

Unless one of the exceptions described in Section 5 below applies, you MUST file a Proof of Claim if you have (i) a claim that arose or is deemed to have arisen prior to the Petition Date or (ii) an Administrative Expense Claim that arose from and after the Petition Date through and including May 4, 2021. Claims based on acts or omissions of the Debtors that occurred before May 4, 2021 must be filed on or prior to the applicable Bar Date, including any claim arising out of or resulting from the Sale described above, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before May 4, 2021.

Except where the Rejection Bar Date or the Amended Schedule Bar Date applies to establish a different deadline or one of the exceptions in Section 5 applies, the following entities must file Proofs of Claim on or before the General Bar Date:

(i) any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed in the Schedules as either one or more of: disputed, contingent, or unliquidated; and

(ii) any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

**3. What to File**

The Debtors are enclosing a Proof of Claim form for use in these cases, or you may use another Proof of Claim form that conforms substantially to Official Bankruptcy Form 410. If your claim is scheduled by the Debtors, the attached Proof of Claim form also sets forth: (i) the amount of your claim (if any) as scheduled by the Debtors; (ii) the specific Debtor against which the claim

is scheduled; (iii) whether your claim is scheduled as either one or more of: disputed, contingent, or unliquidated; and (iv) whether your claim is listed as a secured, unsecured priority, or unsecured nonpriority claim. You will receive a different Proof of Claim form for each claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form provided by the Debtors to file your claim.

All Proof of Claim forms must be signed by the creditor or, if the creditor is not an individual, by an authorized agent of the creditor. The Proof of Claim form must be written in English and be denominated in United States currency. You should attach to your completed Proof of Claim any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any entity asserting claims against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor. In addition, any entity filing a Proof of Claim must identify on its Proof of Claim form the particular Debtor against which its claim is asserted. If more than one Debtor is listed on the form, the Proof of Claim will be treated as filed *only* against the first listed Debtor.

Under the Bar Date Order, the filing of a Proof of Claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b) and 507(a)(2) of the Bankruptcy Code. *For the avoidance of doubt, Section 503(b)(9) Claims must be filed by the General Bar Date.*

**PROOFS OF CLAIM**
**SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL**
**WILL NOT BE ACCEPTED.**

**4. When and Where to File**

All Proofs of Claim must be submitted so as to be actually received by the Debtors' claims agent, Epiq Corporate Restructuring, LLC ("Epiq"), *on or before the applicable Bar Date* (i) by completing the electronic Proof of Claim form on Epiq's website at https://dm.epiq11.com/case/alamodrafthouse or (ii) in person, by courier service, by hand delivery, or by mail so as to be received *on or before the applicable Bar Date* at the following address:

<u>If by First-Class Mail</u>:
Alamo Drafthouse Cinemas Holdings, LLC, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

<u>If by Hand Delivery or Overnight Mail</u>:
Alamo Drafthouse Cinemas Holdings, LLC, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

Proofs of Claim will be collected, docketed, and maintained by Epiq. If you wish to receive acknowledgement of Epiq's receipt of a Proof of Claim, you must submit by the applicable Bar Date and concurrently with submitting your original Proof of Claim (i) a copy of the original Proof of Claim and (ii) a self-addressed, postage prepaid return envelope.

*Proofs of Claim will be deemed filed only when actually received by Epiq or filed with the Court, as applicable. Proofs of Claim may not be delivered by facsimile or electronic mail transmission.* Any facsimile or electronic mail submissions will not be accepted and will not be considered filed until a Proof of Claim is submitted by one of the methods described above.

**5. Who Need Not File a Proof of Claim**

The Bar Date Order further provides that the following entities, who otherwise would be subject to the General Bar Date or the Administrative Expense Bar Date, need ***not*** file Proofs of Claim in these cases:

(i) the Prepetition Secured Parties (as defined in the Final DIP Order) for claims arising from or relating to any of the respective Prepetition Loan Documents (as such term is used in the Final DIP Order) or for payment of Prepetition Secured Obligations (as such term is used in the Final DIP Order); *provided, however*, that should any Prepetition Secured Party file a claim or claims arising from or relating to the respective Prepetition Loan Documents, any such claim or claims will be deemed as filed against each guarantor under the applicable documents;

(ii) any person or entity that already has filed a signed Proof of Claim against the applicable Debtor(s) with Epiq or the Clerk of the Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form 410;

(iii) any person or entity whose claim is listed on the Schedules if: (a) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;"

(b) such entity agrees with the amount, nature, classification, and priority of the claim as set forth in the Schedules; and (c) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(iv) any holder of a claim that previously has been allowed by order of the Court;

(v) any holder of a claim that has been paid in full by any of the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(vi) any holder of a claim for which a separate deadline for filing a Proof of Claim is fixed by order of the Court;

(vii) any Debtor having a claim against another Debtor;

(viii) any holder of an interest based on equity securities of a Debtor solely with respect to such holder's ownership interest in or possession of such equity securities; *provided, however*, that any such holders who wish to assert a claim against any of the Debtors based on transactions in the Debtors' securities, including, but not limited to, claims for damages or rescission based on the purchase or sale of such securities, must file a Proof of Claim on or prior to the General Bar Date; *provided, further*, that the Debtors reserve all rights with respect to any such claims including, *inter alia*, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code;

(ix) any professional retained in the Chapter 11 Cases pursuant to Section 327 or 1103 of the Bankruptcy Code seeking allowance of fees and expenses incurred after the Petition Date;

(x) any entity who has an Administrative Expense Claim that has been allowed by an order of the Court or that was previously paid;

(xi) all claims by any member of the Committee for reimbursement of expenses (including attorney fees) incurred in connection with the member's service on the Committee;

(xii) all claims for fees payable to the Clerk of the United States Bankruptcy Court for the District of Delaware;

(xiii) the DIP Agent or the Prepetition Secured Parties on account of any Administrative Expense Claims; and

(xiv) Administrative Expense Claims arising after May 4, 2021.

**6. Executory Contracts and Unexpired Leases**

As described in Section 1 above, any entity that has a claim arising out of the rejection of an executory contract or unexpired lease must file a Proof of Claim for damages caused by such rejection by the Rejection Bar Date.

**7. Consequences of Failure to File a Proof of Claim by the Applicable Bar Date**

**ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE (A) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS FOR THE PURPOSE OF VOTING UPON ANY PLAN IN THESE PROCEEDINGS AND (B) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE DEBTORS, THE CREDITORS' TRUST, OR THEIR RESPECTIVE SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM.**

**8. The Debtors' Schedules and Access Thereto**

You may be listed as the holder of a claim against one or more of the Debtors in the Schedules. To determine if and how you are listed in the Schedules, please refer to the information set forth on the enclosed Proof of Claim form regarding the nature, amount, classification, and status of your claim. If the Debtors believe that you may hold claims against more than one Debtor, you will receive Proof of Claim forms, each of which will reflect the nature and amount of your claim by separate Debtor, as listed in the Schedules.

If you choose to rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, the enclosed form: (i) sets forth the amount of your claim (if any) as set forth in the Schedules; (ii) identifies the Debtor against which it is scheduled; (iii) specifies whether your claim is listed in the Schedules as either one or more of disputed, contingent, or unliquidated; and (iv) identifies whether your claim is scheduled as a secured claim, unsecured priority claim, or unsecured nonpriority claim.

As described above, if: (i) you agree with the nature, amount, and status of your claim as listed in the Schedules; (ii) you do not dispute that your claim is only against the Debtor specified by the Debtors; and (iii) your claim is *not* described as either one or more of: "disputed," "contingent," or "unliquidated;" you need not file a Proof of Claim. Otherwise, you must file a Proof of Claim before the applicable Bar Date in accordance with the procedures set forth in this Notice.

**9. Reservation of Rights**

The Debtors reserve the right to: (i) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, priority, classification, or otherwise; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules. Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

**10. Additional Information**

Copies of the Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Epiq's website at https://dm.epiq11.com/case/alamodrafthouse. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through PACER at www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern time), Monday through Friday, at the office of the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' notice and claims agent, Epiq, by calling **U.S. Toll Free at (800) 270-9075 or for Non-U.S. Parties at (503) 520-4465**, or emailing **AlamodrafthouseInfo@epiqglobal.com**.

A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT ITS OWN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM. NEITHER THE COURT NOR COUNSEL TO THE DEBTORS CAN ADVISE CREDITORS WHETHER THEY SHOULD FILE A PROOF OF CLAIM.

Dated: April 29, 2021
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jared W. Kochenash*

M. Blake Cleary (No. 3614) (mbcleary@ycst.com)
Matthew B. Lunn (No. 4119) (mlunn@ycst.com)
Kenneth J. Enos (No. 4544) (kenos@ycst.com)
Betsy L. Feldman (No. 6410) (bfeldman@ycst.com)
Jared W. Kochenash (No. 6557) (jkochenash@ycst.com)
1000 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*