# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 249** |

## ORDER FURTHER AMENDING FINAL CASH COLLATERAL ORDER AND EXTENDING THE DEBTORS' AUTHORITY TO USE CASH COLLATERAL

**WHEREAS**, on April 1, 2021, this Court entered an order [Docket No. 249] (the "**Final Cash Collateral Order**"),[2] which authorized and approved on a final basis, the Debtors' use of the Prepetition Collateral, including Cash Collateral of the Prepetition Secured Parties under the Prepetition Documents in accordance with the Approved Budget and the DIP Documents;

**WHEREAS**, on May 3, 2021, this Court held a hearing and entered that certain *Order (A) Authorizing and Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Final Cash Collateral Order.

[Docket No. 436] (the "**Sale Order**") approving the sale (the "**Sale**") of the Purchased Assets (as defined in the Sale Order) to ALMO Holdings, LLC and its designees, in consideration of, among other things, (i) a waiver of all DIP Obligations pursuant to a credit bid of such amount by the DIP Agent on behalf of the DIP Lenders, (ii) the value of any Adequate Protection Superpriority Claims and (iii) payment of the Excluded Cash, to be used by the Debtors to (a) satisfy the allowed Professional Fees and Expenses (subject to certain exceptions set forth in the Asset Purchase Agreement), (b) pay all Administrative Expenses or other postpetition expenses of the Debtors that are accrued and unpaid as of the Closing Date and (c) fund the Wind-Down Amount;

**WHEREAS**, on May 28, 2021, the Sale closed (the "**Sale Closing Date**");

**WHEREAS**, on June 2, 2021, this Court entered that certain *Order Amending Final Cash Collateral Order and Extending the Debtors' Authority to Use Cash Collateral* [Docket No. 513] (the "**Amended Order**"), authorizing the Debtors to continue to use Cash Collateral through the date which is the earliest to occur of (a) September 15, 2021; (b) the date on which any of the following occurs unless waived in writing by the Prepetition Agent (acting at the direction of the Required Prepetition Lenders:  (i) entry of any order constituting a stay, modification, appeal or reversal of this Order, (ii) the appointment of any examiner with expanded powers, (iii) entry of any order dismissing the Chapter 11 Cases or converting the Chapter 11 Cases to cases under Chapter 7, or (iv) the Debtors' filing of a motion or other request for relief seeking to modify or alter or vacate this Order or any term thereof; and (c) the expiration of the Remedies Notice Period (collectively, the "**Current Termination Date**"), in each case unless waived in writing by the Prepetition Agent (acting at the direction of the Required Prepetition Lenders);

**WHEREAS**, the Debtors have requested that the Prepetition Agent consent to the Debtors' continued use of Cash Collateral to allow the Debtors to continue to administer their estates and to fund the wind-down of the Debtors; and

**WHEREAS**, the Prepetition Agent and Prepetition Lenders have consented to the Debtors' continued usage of Cash Collateral on the terms and conditions of the Final Cash Collateral Order, the Amended Order, this Order, and the Sale Order.

**NOW THEREFORE**, with the consent of the Prepetition Agent and the Prepetition Lenders, and upon the certification of counsel related hereto,

**IT IS HEREBY ORDERED THAT:**

1. **Authority to Use Cash Collateral until the Termination Date**. Subject to the terms of the Final Cash Collateral Order, the Sale Order, the Amended Order and this Order, the Debtors are authorized to use the Excluded Cash to fund pre-Sale Closing Date administrative expenses in accordance with the Approved Budget and post-Sale Closing Date administrative expenses through the date which is the earliest to occur of (a) December 14, 2021; (b) the date on which any of the following occurs unless waived in writing by the Prepetition Agent (acting at the direction of the Required Prepetition Lenders: (i) entry of any order constituting a stay, modification, appeal or reversal of this Order, (ii) the appointment of any examiner with expanded powers, (iii) entry of any order dismissing the Chapter 11 Cases or converting the Chapter 11 Cases to cases under Chapter 7, or (iv) the Debtors' filing of a motion or other request for relief seeking to modify or alter or vacate this Order or any term thereof; and (c) the expiration of the Remedies Notice Period (collectively, the "**Termination Date**"), in each case unless waived in writing by the Prepetition Agent (acting at the direction of the Required Prepetition Lenders). Upon the Termination Date, the Debtors' authorization to use Cash Collateral shall cease without

the need for any further action or notice on the part of the Prepetition Secured Parties or the Debtors, or any further order of the Court; provided, however, that the Termination Date may be extended with the written agreement of the Prepetition Agent (acting at the direction of the Required Prepetition Lenders). Subject to paragraph 31 of the Final Cash Collateral Order, absent the Court's entry of an order to the contrary, the automatic stay pursuant to section 362 of the Bankruptcy Code shall be automatically terminated, without further notice or order of the Court, and the Prepetition Secured Parties may exercise the remedies available to them under the Interim Order, the Final Cash Collateral Order, the Amended Order, this Order, the Prepetition Documents and/or applicable law.

2. **Binding Effect**. Immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Order shall become valid and binding upon and inure to the benefit of the Debtors, the Prepetition Secured Parties, the DIP Secured Parties, all other creditors of any of the Debtors, any Committee or any other Court-appointed committee appointed in any Chapter 11 Cases, and all other parties-in-interest and the respective successors and assigns of each of the foregoing, including any chapter 7 or chapter 11 trustee or other fiduciary hereafter appointed or elected for the estates of the Debtors or with respect to the property of the estate of any Debtors in any of these Chapter 11 Cases, any Successor Cases, or upon dismissal of any Case or Successor Case.

3. The delay or failure to exercise rights and remedies under the Interim Cash Collateral Order, the Final Cash Collateral Order, the Amended Order, this Order, the Prepetition Documents or the DIP Documents shall not constitute a waiver of the Prepetition Secured Parties' or DIP Secured Parties' rights thereunder or otherwise.

4. Except as modified by this Order, all of the terms, conditions, and provisions of the Final Cash Collateral Order and the Amended Order are ratified and reaffirmed in all respects and shall remain in full force and effect, including (i) the validity and enforceability of the Replacement Liens, Adequate Protection Superpriority Claims and the DIP Liens (to the extent of the DIP Reversionary Interest in the Excluded Cash); provided, however, the Debtors shall not be required to reimburse the fees and expenses of the Prepetition Secured Parties as provided in Paragraph 14(c) of the Final Cash Collateral Order from and after the Sale Closing Date, and (ii) the prohibition on the sale, transfer, lease, encumbrance or other disposition of any portion of the Prepetition Collateral not subject to the Sale Order other than in the ordinary course of business without the prior consent of the Required DIP Lenders or order of the Court.

5. To the extent any inconsistencies exist between and among the Final Cash Collateral Order, the Amended Order, this Order, the Prepetition Documents, and the DIP Documents, then the Final Cash Collateral Order, as modified by this Order, shall control.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 15th, 2021  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

28586316.2