# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 436 & 498** |

## SUPPLEMENTAL ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE

Pursuant to the *Order (A) Authorizing and Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 436] and the *Supplemental Order Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 498] (together, the "**Sale Order**");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012; and this being a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2] Unless otherwise stated, all capitalized terms not defined herein shall have the same meaning as set forth in the Sale Order.

28176071.1

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having properly filed and served the *Notice of Possible Assumption and Assignment and Cure Amounts With Respect To Executory Contracts and Unexpired Leases of the Debtors* [Docket No. 102], *Notice of Filing of First Amendment to Cure Schedule* [Docket No. 274], and the *Notice of Filing of Second Amendment to Cure Schedule* [Docket No. 321] (collectively, the "**Cure Schedules**") concerning the assumption and assignment to the Purchaser of the Debtors' executory contracts and unexpired leases; and due and proper notice of the Cure Schedules having been provided, and it appearing that no other notice need be provided; and a hearing to consider the Sale Order having been held on May 3, 2021 (the "**Sale Hearing**"); and upon the statements of counsel made at the Sale Hearing; and the Court having considered various objections to the Cure Schedules that have been filed or asserted informally, but that have not been previously resolved or ruled upon in the Sale Order or other orders of this Court (the "**Objections**"); and the Purchaser having provided adequate assurance information to the contract counterparty for the unexpired lease set forth on **Exhibit A** (the "**Purchased Contract**"); and the informal objection to the assumption and assignment of the Purchased Contract having been resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. In accordance with the terms of the Sale Order, the assumption and assignment of the Purchased Contract, as amended by the Second Amendment to the Lease, dated May 2021, is hereby approved as set forth herein, and the Debtors are authorized to assume and assign the Purchased Contract to the Purchaser pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code. The assumption and assignment of the Purchased Contract shall be effective as of the Closing Date.

28176071.1

2. Except as expressly set forth herein, all objections with regard to the relief sought in the Cure Schedules with respect to the Purchased Contract, if any, that have not been withdrawn, waived, resolved, or settled are denied and overruled.

3. The Cure Cost required to be paid under section 365(b) of the Bankruptcy Code in connection with the assumption and assignment of the Purchased Contract is set forth on **Exhibit A** hereto. The Purchaser shall pay to the applicable counterparty the Cure Cost for Purchased Contract set forth on **Exhibit A** in accordance with the Sale Order and shall pay to the applicable counterparty the amounts of any valid unpaid invoices for post-petition amounts payable under the Purchased Contract in accordance with the terms of such invoices and the terms of any agreement between Purchaser and the counterparty, regardless of whether such invoices are existing as of the Closing Date. Except as set forth in paragraphs 16 and 17 of the Sale Order, upon payment of the Cure Cost, and any valid unpaid invoices for post-petition amounts payable under the Purchased Contract, the counterparty to such Purchased Contract shall be forever barred from asserting any additional Cure Costs, or other claims arising prior to the date hereof with respect to such Purchased Contract, and the payment of such Cure Cost shall effect a cure of all defaults existing as of the date of assumption and shall compensate for any actual pecuniary loss to such counterparty from such default.

4. The Purchaser has provided adequate assurance of its future performance under the Purchased Contract within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

5. Except to the extent expressly set forth herein, nothing in this Order is intended to amend, supersede, or modify the Sale Order, which is incorporated herein by reference, or the APA. The Purchased Contract is a Purchased Contract for all purposes under the Sale Order,

28176071.1

and all provisions thereof relating to Purchased Contracts shall be applicable to the Purchased Contract.

6. The Debtors are authorized to take all actions and execute all documents necessary or appropriate to effectuate the assumption and assignment of the Purchased Contract to the Purchaser consistent with this Order and the Sale Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and not subject to any stay.

8. This Court shall retain exclusive jurisdiction and power over any and all matters arising from or related to this Order.

Dated: March 25th, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

28176071.1