## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*, | Case No. 21-10474 (MFW) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 1305** |

### CERTIFICATION OF COUNSEL REGARDING INITIAL ORDER (I) AUTHORIZING THE DEBTORS TO MAKE DISTRIBUTIONS TO CLAIMANTS HOLDING ALLOWED FIRST PRIORITY SECURED CLAIMS AND ALLOWED 503(b) CLAIMS; (II) DISMISSING THE DEBTORS' CHAPTER 11 CASES; (III) ESTABLISHING PROCEDURES WITH RESPECT TO FINAL FEE APPLICATIONS; (IV) DIRECTING THE DEBTOR ENTITIES TO BE DISSOLVED; AND (V) GRANTING RELATED RELIEF

On July 21, 2022, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed First Priority Secured Claims and Allowed 503(b) Claims; (II) Dismissing the Debtors' Chapter 11 Cases; (III) Establishing Procedures with Respect to Final Fee Applications; (IV) Directing the Debtor Entities to be Dissolved; and (V) Granting Related Relief* [Docket No. 1305] (the "**Motion**"). Attached as Exhibit A to the Motion was a proposed form of initial order (the "**Proposed Initial Order**")

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

regarding the relief requested therein.  The deadline to file objections or respond to the Motion was established as August 11, 2022 at 4:00 p.m. (ET) (the "**Objection Deadline**").

Prior to the Objection Deadline, the Debtors received informal comments from the Office of the United States Trustee (the "**U.S. Trustee**").  No other formal or informal responses or objections to the Motion have been received.

Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of the Proposed Initial Order (the "**Revised Proposed Initial Order**"), a copy of which is attached hereto as <u>Exhibit A</u>, which resolves the U.S. Trustee's concerns.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Initial Order against the Proposed Initial Order is attached hereto as <u>Exhibit B</u>.

WHEREFORE, as the Debtors did not receive any objections or responses other than as described herein, and the U.S. Trustee does not object to entry of the Revised Proposed Initial Order, the Debtors respectfully request that the Court enter the Revised Proposed Initial Order without further notice or hearing at the Court's earliest convenience.

Dated:   August 15, 2022
         Wilmington, Delaware

Young Conaway Stargatt & Taylor, LLP

*/s/ Jared W. Kochenash*

M. Blake Cleary (No. 3614) (mbcleary@ycst.com)
Matthew B. Lunn (No. 4119) (mlunn@ycst.com)
Kenneth J. Enos (No. 4544) (kenos@ycst.com)
Jared W. Kochenash (No. 6557) (jkochenash@ycst.com)
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*, | Case No. 21-10474 (MFW) |
| | (Jointly Administered) |
| Debtors.[1] | **Ref. Docket No. 1305** |

**INITIAL ORDER (I) AUTHORIZING THE DEBTORS TO MAKE DISTRIBUTIONS TO CLAIMANTS HOLDING ALLOWED FIRST PRIOIRTY SECURED CLAIMS AND ALLOWED 503(b) CLAIMS; (II) AUTHORIZING THE DEBTORS TO ABANDON CERTAIN PROPERTY; (III) DISMISSING THE DEBTORS' CHAPTER 11 CASES; (IV) ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order,

pursuant to sections 105(a), 305, 349, 363(b)(1), 554(a), and 1112(b) of title 11 of the United States

Code (as amended, the "**Bankruptcy Code**"), Rules 1017, 2002, and 6007 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 1017-2, dismissing these

Chapter 11 Cases and granting related relief; and this Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      Notwithstanding any provisions of the Interim Compensation Order to the contrary, all Professionals that have not obtained entry of a final order approving their fees shall file final fee applications for Professional Fees by August 19, 2022.  Any objections to the Final Fee Applications shall be filed, and served on counsel for the Debtors and the Professional submitting the application to which an objection is being filed, by the twentieth day after such fee application is filed at 4:00 p.m. (Eastern Time).  The Court will hold a hearing, if necessary, on September 21, 2022 at 11:30 a.m. (Eastern Time) to resolve any disputes related to Final Fee Applications.

3.      After Final Fee Applications have been heard, allowed Professional Fees have been paid and U.S. Trustee fees have been calculated and reserved, the Debtors (i) are authorized to distribute payments to holders of Allowed First Priority Secured Claims and Allowed 503(b) Claims, and (ii) shall pay all U.S. Trustee fees in full.  For the avoidance of doubt, the Debtors shall pay U.S. Trustee fees on account of all Professional Fees disbursed in accordance

with approved Final Fee Applications, notwithstanding that such U.S. Trustee fees may relate to disbursements made after entry of this Order.

4.     Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, to abandon or destroy, or cause to be abandoned and destroyed, any and all Books and Records that remain with the Debtors' estates as of the date hereof; _provided_, that any documents containing personally identifiable information must be shredded.

5.     As soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees, payment of Allowed First Priority Secured Claims and Allowed 503(b) Claims, payment of Professional Fees and remittance of any remaining funds to the Prepetition Lenders, the Debtors shall file a certification of counsel (the "**Certification**") requesting entry of the Dismissal Order, a copy of which is attached hereto as **Exhibit 1**.  Among other things, the Certification should verify that (a) all U.S. Trustee fees have been paid in full and all monthly operating reports have been filed; and (b) Professional Fees incurred in these Chapter 11 Cases have been approved on a final basis (to the extent applicable) and paid in full.  A distribution schedule setting forth the Allowed First Priority Secured Claims and Allowed 503(b) Claims shall be filed on the docket in these Chapter 11 Cases no later than five business days prior to the date that the Certification is filed.

6.     The Certification shall be served only on the Notice Parties and no further notice regarding the dismissal of these Chapter 11 Cases shall be required because all of the Debtors' creditors have received reasonable notice of the proposed dismissal through the Dismissal Notice.

29603514.2

7.      Notwithstanding any provision of this Order to the contrary, the obligation of each Debtor to file a monthly operating report and to pay U.S. Trustee Fees shall continue until such Debtor's case is dismissed pursuant to the provisions of this Order.

8.      To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

9.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

29603514.2

## **Exhibit 1**

**Proposed Dismissal Order**

29603514.2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*, | Case No. 21-10474 (MFW) |
| | (Jointly Administered) |
| Debtors.[1] | **Ref. Docket Nos. 1305 & __** |

**ORDER (I) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND
(II) AUTHORIZING DISSOLUTION OF THE DEBTORS IN
ACCORDANCE WITH APPLICABLE STATE LAW**

Pursuant to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed First Priority Secured Claims and Allowed 503(b) Claims; (II) Dismissing the Debtors' Chapter 11 Cases; (III) Establishing Procedures with Respect to Final Fee Applications; (IV) Directing the Debtor Entities to Be Dissolved; and (V) Granting Related Relief* [Docket No. 1305] (the "**Motion**")[2], filed on July 21, 2022, (ii) that certain Order granting the Motion, entered on _____, 2022 [Docket No. __], and (iii) the *Certification of Counsel and Request for Entry of an Order Dismissing the Chapter 11 Cases*, filed on _____, 2022 [Docket No. _____], it is hereby

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED AND DECREED THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3.       Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, each Chapter 11 Case is dismissed effective as of the entry of this Order.

4.       Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of these Chapter 11 Cases, including, without limitation, the Sale Order and the Final DIP Order, shall remain in full force and effect, shall be unaffected by the dismissal of these Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5.       Each of the Professional's retentions by the Debtors' estates is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such firms; provided, however, that such firms are authorized to effectuate the dissolution of each Debtor entity as contemplated herein.  All remaining officers and directors of the Debtors are terminated as of the date hereof without the need for further action on the part of this Court, the Debtors or such individual.

6.       To the extent not previously done, the Debtors are authorized, but not directed, to destroy, abandon, or otherwise dispose of any remaining Books and Records in their discretion, and to make all payments necessary to effectuate such destruction; provided that any documents containing personally identifiable information must be shredded.

29603514.2

7.      Upon entry of this Order, Epiq Corporate Restructuring, LLC ("**Epiq**"), as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and noticing agent in these Chapter 11 Cases; <u>provided</u> that Epiq shall provide the services described in this paragraph and shall be entitled to payment and reimbursement of its fees and costs from and against any prepetition retainer provided to Epiq in connection with these Chapter 11 Cases. In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of the entry of this Order, Epiq shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against each Debtor, and (d) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

8.      As soon as reasonably practicable after entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the board of managers of the Debtors, to the extent not previously dissolved, the Debtors are authorized to dissolve their corporate entities in accordance with applicable state law, and the Debtors shall not be required to pay any taxes or fees to cause such dissolution.  Any officer or other authorized representative of the Debtors is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with applicable law.

9.      The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

29603514.2

10.     To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

11.     Notwithstanding the dismissal of these Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court, including this Order, entered in these Chapter 11 Cases.

29603514.2

## **EXHIBIT B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*, | Case No. 21-10474 (MFW) |
| | (Jointly Administered) |
| Debtors.[1] | Ref. Docket No. —1305 |

**INITIAL ORDER (I) AUTHORIZING THE DEBTORS TO MAKE DISTRIBUTIONS TO CLAIMANTS HOLDING ALLOWED FIRST PRIOIRTY SECURED CLAIMS AND ALLOWED 503(b) CLAIMS; (II) AUTHORIZING THE DEBTORS TO ABANDON CERTAIN PROPERTY; (III) DISMISSING THE DEBTORS' CHAPTER 11 CASES; (IV) ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order,

pursuant to sections 105(a), 305, 349, 363(b)(1), 554(a), and 1112(b) of title 11 of the United States

Code (as amended, the "**Bankruptcy Code**"), Rules 1017, 2002, and 6007 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 1017-2, dismissing these

Chapter 11 Cases and granting related relief; and this Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

29603514.2

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is GRANTED as set forth herein.

2.    Notwithstanding any provisions of the Interim Compensation Order to the contrary, all Professionals that have not obtained entry of a final order approving their fees shall file final fee applications for Professional Fees by [●]August 19, 2022.  Any objections to the Final Fee Applications shall be filed, and served on counsel for the Debtors and the Professional submitting the application to which an objection is being filed, by the twentieth day after such fee application is filed at 4:00 p.m. (Eastern Time).  The Court will hold a hearing, if necessary, on [●]September 21, 2022 at 11:30 a.m. (Eastern Time) to resolve any disputes related to Final Fee Applications.

3.    After Final Fee Applications have been heard, allowed Professional Fees have been paid and U.S. Trustee fees have been calculated and reserved, the Debtors (i) are authorized to distribute payments to holders of Allowed First Priority Secured Claims and Allowed 503(b) Claims, and (ii) shall file all monthly operating reports for periods up to and including the entry of this Order, and shall pay all U.S. Trustee fees in full.  For the avoidance of doubt, the Debtors shall pay U.S. Trustee fees on account of all Professional Fees disbursed in accordance

29603514.2

2

with approved Final Fee Applications, notwithstanding that such U.S. Trustee fees may relate to disbursements made after entry of this Order.

4.      Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, to abandon or destroy, or cause to be abandoned and destroyed, any and all Books and Records that remain with the Debtors' estates as of the date hereof; provided, that any documents containing personally identifiable information must be shredded.

5.      As soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees, payment of Allowed First Priority Secured Claims and Allowed 503(b) Claims, payment of Professional Fees and remittance of any remaining funds to the Prepetition Lenders, the Debtors shall file a certification of counsel (the "**Certification**") requesting entry of the Dismissal Order, a copy of which is attached hereto as **Exhibit 1**.  Among other things, the Certification should verify that (a) all U.S. Trustee fees have been paid in full and all monthly operating reports have been filed; and (b) Professional Fees incurred in these Chapter 11 Cases have been approved on a final basis (to the extent applicable) and paid in full.  A distribution schedule setting forth the Allowed First Priority Secured Claims and Allowed 503(b) Claims shall be filed on the docket in these Chapter 11 Cases no later than five business days prior to the date that the Certification is filed.

6.      The Certification shall be served only on the Notice Parties and no further notice regarding the dismissal of these Chapter 11 Cases shall be required because all of the Debtors' creditors have received reasonable notice of the proposed dismissal through the Dismissal Notice.

29603514.2

~~7.The Debtors shall pay quarterly fees to the U.S. Trustee for all disbursements made by each Debtor until such time as~~ such Debtor's case is dismissed, ~~notwithstanding that the Debtors shall only be required to file monthly operating reports for the periods concluding upon entry of this Order.~~

7.    Notwithstanding any provision of this Order to the contrary, the obligation of each Debtor to file a monthly operating report and to pay U.S. Trustee Fees shall continue until such Debtor's case is dismissed pursuant to the provisions of this Order.

8.    To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

9.    The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

10.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

29603514.2

**Exhibit 1**

**Proposed Dismissal Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*, | Case No. 21-10474 (MFW) |
| | (Jointly Administered) |
| Debtors.[1] | **Ref. Docket Nos. ___1305 & __** |

**ORDER (I) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND
(II) AUTHORIZING DISSOLUTION OF THE DEBTORS IN
ACCORDANCE WITH APPLICABLE STATE LAW**

Pursuant to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed First Priority Secured Claims and Allowed 503(b) Claims; (II) Dismissing the Debtors' Chapter 11 Cases; (III) Establishing Procedures with Respect to Final Fee Applications; (IV) Directing the Debtor Entities to Be Dissolved; and (V) Granting Related Relief* [Docket No. ___1305] (the "**Motion**")[2], filed on July 21, 2022, (ii) that certain Order granting the Motion, entered on _____, 2022 [Docket No. ___], and (iii) the *Certification of Counsel and Request for Entry of an Order Dismissing the Chapter 11 Cases*, filed on _____, 2022 [Docket No. _____], it is hereby

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3.      Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, each Chapter 11 Case is dismissed effective as of the entry of this Order.

4.      Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of these Chapter 11 Cases, including, without limitation, the Sale Order and the Final DIP Order, shall remain in full force and effect, shall be unaffected by the dismissal of these Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5.      Each of the Professional's retentions by the Debtors' estates is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such firms; provided, however, that such firms are authorized to effectuate the dissolution of each Debtor entity as contemplated herein.  All remaining officers and directors of the Debtors are terminated as of the date hereof without the need for further action on the part of this Court, the Debtors or such individual.

6.      To the extent not previously done, the Debtors are authorized, but not directed, to destroy, abandon, or otherwise dispose of any remaining Books and Records in their discretion, and to make all payments necessary to effectuate such destruction; provided that any documents containing personally identifiable information must be shredded.

29603514.2

7.      Upon entry of this Order, Epiq Corporate Restructuring, LLC ("**Epiq**"), as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and noticing agent in these Chapter 11 Cases; <u>provided</u> that Epiq shall provide the services described in this paragraph and shall be entitled to payment and reimbursement of its fees and costs from and against any prepetition retainer provided to Epiq in connection with these Chapter 11 Cases. In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of the entry of this Order, Epiq shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against each Debtor, and (d) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

8.      As soon as reasonably practicable after entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the board of managers of the Debtors, to the extent not previously dissolved, the Debtors are authorized to dissolve their corporate entities in accordance with applicable state law, and the Debtors shall not be required to pay any taxes or fees to cause such dissolution.  Any officer or other authorized representative of the Debtors is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with applicable law.

9.      The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

10.    To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

11.    Notwithstanding the dismissal of these Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court, including this Order, entered in these Chapter 11 Cases.

29603514.2