# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,[1]<br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>Jointly Administered |

**Objection Deadline: September 8, 2022 at 4:00 p.m. (ET)**
**Hearing Date: September 21, 2022 at 11:30 a.m. (ET)**

## COVERSHEET FOR FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD MARCH 16, 2021 THROUGH AUGUST 16, 2022

| **Name of Applicant:** | **Pachulski Stang Ziehl & Jones LLP** |
|---|---|
| Name of client: | Official Committee of Unsecured Creditors |
| Time period covered by this final application: | March 16, 2021 through August 16, 2022 |
| Total compensation sought this final period: | $384,093.50 |
| Total expenses sought this final period: | $   3,879.53 |
| Petition date: | March 3, 2021 |
| Retention date: | March 16, 2021 |
| Date of order approving employment: | May 3, 2021 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

| **Name of Applicant:** | **Pachulski Stang Ziehl & Jones LLP** |
|---|---|
| Total fees approved by interim order to date: | $299,018.00 |
| Total expenses approved by interim order to date: | $   3,334.93 |
| Total allowed fees paid to date: | $299,018.00 |
| Total allowed expenses paid to date: | $   3,334.93 |
| Blended rate in this application for all timekeepers: | $      826.01 |
| Fees sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | N/A |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | N/A |
| Number of professionals included in this application: | 8 |
| If applicable, number of professionals in this application not included in staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period: | 3 |
| Rates are Higher than those Approved or Disclosed at Retention? Yes__ No__ If yes, Total Compensation Sought Using Rates Disclosed in Retention Application: | As disclosed in its retention application the Firm's standard hourly rates are subject to periodic adjustment. The actual rates charged are disclosed herein and in the attached invoices |

This is a:     ☐ monthly     ☐ interim     ☒ final application.

The total time expended for preparation of this monthly fee application is approximately 10.50 hours and the corresponding compensation requested is approximately $5,197.50.

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 06/08/21 | 03/16/21 – 04/30/21 | $201,667.00 | $1,839.78 | $201,667.00 | $1,839.78 |
| 07/07/21 | 05/01/21 – 05/31/21 | $ 29,100.00 | $ 975.25 | $ 29,100.00 | $ 975.25 |
| | **1st Quarterly Application** | **$230,767.00** | **$2,815.03** | **$230,767.00** | **$2,815.03** |
| 09/15/21 | 06/01/21 – 06/30/21 | $ 19,557.00 | $ 104.90 | $ 15,645.60 | $ 104.90 |
| 09/15/21 | 07/01/21 – 07/31/21 | $ 18,586.50 | $ 129.50 | $ 14,869.20 | $ 129.50 |
| 10/22/21 | 08/01/21 – 08/31/21 | $ 3,789.00 | $ 87.00 | $ 3,031.20 | $ 87.00 |
| | **2nd Quarterly Application** | **$ 41,932.50** | **$ 321.40** | **$ 41,932.50** | **$ 321.40** |
| 01/31/22 | 09/01/21 – 09/30/21 | $ 6,127.50 | $ 80.30 | $ 4,902.00 | $ 80.30 |
| 01/31/22 | 10/01/21 – 10/31/21 | $ 14,839.50 | $ 89.50 | $ 11,871.60 | $ 89.50 |
| 01/31/22 | 11/01/21 – 11/30/21 | $ 5,351.50 | $ 28.70 | $ 4,281.20 | $ 28.70 |
| | **3rd Quarterly Application** | **$ 26,318.50** | **$ 198.50** | **$ 26,318.50** | **$ 198.50** |
| 06/03/22 | 12/01/21 – 12/31/21 | $ 6,152.00 | $ 33.60 | $ 4,921.60 | $ 33.60 |
| 06/03/22 | 01/01/22 – 01/31/22 | $ 49,487.50 | $ 144.70 | $ 39,590.00 | $ 144.70 |
| 06/03/22 | 02/01/22 – 02/28/22 | $ 2,304.50 | $ 67.50 | $ 1,843.60 | $ 67.50 |
| | **4th Quarterly Application** | **$ 57,944.00** | **$ 245.80** | | |
| 07/15/22 | 03/01/22 – 04/30/22 | $ 11,225.50 | $ 108.50 | $ 8,980.40 | $ 108.50 |
| 07/15/22 | 05/01/22 – 05/31/22 | $ 2,155.50 | $ 19.30 | $ 1,724.40 | $ 19.30 |
| | **5th Quarterly Application** | **$ 13,381.00** | **$ 127.30** | | $[2] |

---

[2] Reflects a reduction of expenses in the amount of $1,500.00 pursuant to an agreement with the U.S. Trustee.

**SUMMARY OF TIME CHARGED AND HOURLY RATES BY PROFESSIONAL FOR THE FINAL FEE PERIOD FROM MARCH 16, 2021 THROUGH AUGUST 16, 2022**

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert J. Feinstein | Partner 2001; Member of NY Bar since 1982 | $1,525.00 | 0.90 | $1,372.50 |
| Robert J. Feinstein | Partner 2001; Member of NY Bar since 1982 | $1,395.00 | 39.40 | $54,963.00 |
| Bradford J. Sandler | Partner 2010; Member NJ & PA Bars 1996; member DE Bar 2001; Member NY Bar 2008 | $1,445.00 | 2.30 | $3,323.50 |
| Bradford J. Sandler | Partner 2010; Member NJ & PA Bars 1996; member DE Bar 2001; Member NY Bar 2008 | $1,295.00 | 106.40 | $137,788.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 | 22.90 | $25,762.50 |
| Shirley S. Cho | Partner 2019; Member of CA Bar since 1997; Member o0f NY Bar since 2002 | $1,050.00 | 13.70 | $14,385.00 |
| Gina F. Brandt | Of Counsel 2000; Member of CA Bar since 1976 | $950.00 | 1.20 | $1,140.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $925.00 | 3.30 | $3,052.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $850.00 | 17.70 | $15,045.00 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $750.00 | 29.40 | $22,050.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $725.00 | 14.80 | $10,730.00 |
| Leslie A. Forrester | Law Library Director | $475.00 | 3.80 | $1,805.00 |
| Ian Densmore | Paralegal | $495.00 | 0.70 | $346.50 |
| Karina K. Yee | Paralegal | $495.00 | 11.80 | $5,841.00 |
| Karina K. Yee | Paralegal | $460.00 | 29.40 | $13,524.00 |
| La Asia S. Canty | Paralegal | $495.00 | 30.40 | $15,048.00 |
| La Asia S. Canty | Paralegal | $460.00 | 64.90 | $29,854.00 |
| Cheryl A. Knotts | Paralegal | $460.00 | 2.20 | $1,012.00 |
| Cheryl A. Knotts | Paralegal | $425.00 | 10.20 | $4,335.00 |

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrea R. Paul | Case Management Assistant | $395.00 | 16.20 | $6,399.00 |
| Andrea R. Paul | Case Management Assistant | $375.00 | 33.40 | $12,525.00 |
| Karen S. Neil | Case Management Assistant | $395.00 | 2.10 | $829.50 |
| Karen S. Neil | Case Management Assistant | $375.00 | 7.90 | $2,962.50 |

**Grand Total:** $384,093.50
**Total Hours:** 465.00
**Blended Rate:** $826.01

### SUMMARY OF TIME CHARGED BY CATEGORY FOR THE FINAL FEE PERIOD FROM MARCH 16, 2021 THROUGH AUGUST 16, 2022

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 0.40 | $548.00 |
| Avoidance Actions | 0.10 | $75.00 |
| Asset Disposition | 58.30 | $68,763.00 |
| Bankruptcy Litigation | 0.20 | $259.00 |
| Case Administration | 104.50 | $50,763.00 |
| Claims Administration/ Objections | 7.20 | $8,139.00 |
| Compensation of Professionals/ Others | 4.90 | $5,515.00 |
| Employee Benefit/Pension | 3.80 | $5,051.00 |
| Executory Contracts | 1.60 | $2,232.00 |
| First Day | 5.00 | $3,750.00 |
| Financial Filings | 32.70 | $19,453.00 |
| Financing | 69.80 | $80,727.00 |
| General Creditors' Committee | 16.00 | $10,702.50 |
| Hearing | 12.40 | $14,227.50 |
| Meeting of Creditors | 13.70 | $15,301.00 |
| Operations | 8.30 | $10,873.50 |
| PSZ&J Compensation | 96.60 | $60,656.00 |
| Plan & Disclosure Statement | 4.70 | $6,086.50 |
| PSZ&J Retention | 9.90 | $6,340.00 |
| Retention of Professionals/ Other | 12.20 | $11,952.50 |
| Schedules/SoFA | 1.50 | $1,125.00 |
| Stay Litigation | 1.20 | $1,554.00 |
| **Total** | **465.00** | **$384,093.50** |

**EXPENSE SUMMARY FOR THE FINAL FEE PERIOD
FROM MARCH 16, 2021 THROUGH AUGUST 16, 2022**

| Expense Category | Service Provider[3]<br>(if applicable) | Total Expenses |
|---|---|---|
| Conference Call | Loop Up | $44.79 |
| Federal Express | | $358.73 |
| Filing Fee | USBC | $25.00 |
| Legal Research | Lexis/Nexis | $49.96 |
| Pacer – Court Research | | $790.00 |
| Postage | | $631.60 |
| Reproduction Expense | | $92.60 |
| Reproduction/ Scan Copy | | $1,763.20 |
| Research | Clas Information | $79.25 |
| Transcript | Reliable Companies | $44.40 |
| **Total** | | **$3,879.53** |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,[1]<br>                             Debtors. | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>Jointly Administered |

**Objection Deadline: September 8, 2022 at 4:00 p.m. (ET)**
**Hearing Date: September 21, 2022 at 11:30 a.m. (ET)**

### FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD MARCH 16, 2021 THROUGH AUGUST 16, 2022

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, signed on or about March 29, 2021 [Docket No. 162] (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its *Final Application for Compensation and for Reimbursement of Expenses for the Period from March 16, 2021 through August 16, 2022* (the "Application").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

By this Application PSZ&J seeks a final allowance of compensation in the amount of $384,093.50 and actual and necessary expenses in the amount of $3,879.53 for a total allowance of $387,973.03 and payment of the unpaid amount of such fees and expenses for the period March 16, 2021 through August 16, 2022 (the "Final Fee Period"). In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1. On March 3, 2021 (the "Petition Date"), each of the Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code in this Court. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On March 15, 2021, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in these cases pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) Summit Glory Property, LLC; (ii) Albee Development LLC; (iii) Sloans Lake-FCA, LLC; (iv) MEP Mainstreet Operations, LLC; (v) Sony Electronics Inc.; (vi) Vista Entertainment Solutions (USA) Inc.; and (vii) Iced Tea with Lemon LLC. On March 17, 2021, Vista Entertainment Solutions (USA) Inc. resigned from the Committee. The *Notice of*

*Appointment of Committee of Unsecured Creditors* [Docket No. 91] was filed on March 15, 2021.

4. On or about March 29, 2021, the Court signed the Administrative Order, authorizing estate professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within fourteen (14) days after service of the monthly fee application, the Debtors are authorized to pay the Professional an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the monthly fee application. Beginning with the period ending May 31, 2021, and at three-month intervals thereafter, each Professional may file and serve on the Notice Parties an interim fee application for compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during the Interim Fee Period. All fees and expenses paid are on an interim basis until final allowance by the Court.

5. Attorneys retained pursuant to sections 327, or 363 or 1103 of the Bankruptcy Code (other than Ordinary Course Professionals) must comply with certain requirements of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines"). The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the

extent relevant to these cases: **Exhibit "A"**, Customary and Comparable Compensation Disclosures with Fee Applications; **Exhibit "B"**, Summary of Timekeepers Included in this Fee Application, **Exhibit "C-1"**, Budget; **Exhibit "C-2"**, Staffing Plan; **Exhibit "D-1"**, Summary of Compensation Requested by Project Category; **Exhibit "D-2"**, Summary of Expense Reimbursement Requested by Category; and **Exhibit "E"**, Summary Cover Sheet of Fee Application.

6.  The retention of PSZ&J, as counsel to the Committee, was approved effective as of March 16, 2021, by this Court's *Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of March 16, 2021*, signed on May 3, 2021 [Docket No. 432] (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZ&J'S APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Fee Application for Stub Period
of June 1, 2022 to August 16, 2022**

7.  The monthly invoice for the period from June 1, 2022 to August 16, 2022 (the "Stub Period") is attached hereto as **Exhibit F**.  This statement contains the daily time logs describing the time spent by each attorney and paraprofessional during the Stub Period.  To the best of PSZ&J's knowledge, this Final Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order.  PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time

reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working travel time to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

8. A summary of actual and necessary expenses incurred by PSZ&J for the Stub Period is attached hereto as part of **Exhibit F**. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9. PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in this case.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

5

computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered for Stub
Period of June 1, 2022 to August 16, 2022**

12. The names of the timekeepers of PSZ&J who have rendered professional services in this case during Stub Period are set forth in the attached **Exhibit F**. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

13. The services rendered by PSZ&J during the Stub Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit F**.

**Exhibit F** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.    Case Administration**

      14.    This category relates to work regarding administration of these cases. During the Final Fee Period, the Firm, among other things:  (1) reviewed and provided comments to motion to dismiss; (2) maintained document control; (3) maintained a memorandum of critical dates; and (4) maintained a work-in-progress memorandum.

      Fees: $4,638.50;    Hours: 10.10

**B.    PSZ&J Compensation**

      15.    Time billed to this category relates to the compensation of the Firm. During the Final Fee Period, the Firm, among other things: (1) filed its December 2021 monthly, January and February 2022 monthly, and Fourth quarterly, fee application; and (2) prepared and filed its regarding its March, April, and May 2022 monthly, and Fifth quarterly fee application.

      Fees: $8,959.50;    Hours: 18.10

**Valuation of Services During the Stub Period**

      16.    Attorneys and paraprofessionals of PSZ&J expended a total **28.30** hours in connection with their representation of the Committee during the Stub Period, as follows:

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert J. Feinstein | Partner 2001; Member of NY Bar since 1982 | $1,525.00 | 0.40 | $ 610.00 |
| Ian Densmore | Paralegal | $ 495.00 | 0.70 | $ 346.50 |
| Karina K. Yee | Paralegal | $ 495.00 | 7.50 | $ 3,712.50 |
| La Asia S. Canty | Paralegal | $ 495.00 | 13.00 | $ 6,435.00 |
| Andrea R. Paul | Case Management Assistant | $ 395.00 | 6.30 | $ 2,488.50 |
| Karen S. Neil | Case Management Assistant | $ 395.00 | 0.40 | $ 158.00 |

**Grand Total:** $13,750.50  
**Total Hours:** 28.30  
**Blended Rate:** $485.88

17. The nature of work performed by these persons is fully set forth in **Exhibit F**, hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Committee during the Stub Period is $13,750.50.

**Requested Relief**

18. By this Application, PSZ&J requests that the Court approve payment of one-hundred percent (100%) of the fees and expenses incurred by PSZ&J during the Final Fee Period of March 16, 2021 through August 16, 2022.

19. At all relevant times, PSZ&J has not represented, and does not represent, any party having an interest adverse to these cases.

20. All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

8

21. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has not received a retainer in these cases.

22. The professional services and related expenses for which PSZ&J requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZ&J's professional responsibilities as attorneys for the Committee in these chapter 11 cases. PSZ&J's services have been necessary and beneficial to the Committee, the Debtors and their estates, the creditors and other parties in interest.

23. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

**Statement from PSZ&J**

24. Pursuant to the *Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed under the United States Code by Attorneys in Larger Chapter 11 Cases*, PSZ&J responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | | No | |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application were higher by 10% or more, did you discuss the reasons for the variation with the client? | | No | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | | No | |
| If the fee application includes any rate increases since retention in these Cases:<br>   i.   Did your client review and approve those rate increases in advance? | | | As disclosed in its retention application the Firm's standard hourly rates are subject to periodic adjustment. The actual rates |

10

11

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| ii. Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | | | charged are disclosed herein and in the attached invoices |

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE,** PSZ&J respectfully requests that the Court enter an order, in the form attached hereto, providing that a final allowance be made to PSZ&J for the period from March 16, 2021 through August 16, 2022 in the sum of $384,093.50, as compensation for necessary professional services rendered, and the sum of $3,879.53, for reimbursement of actual necessary costs and expenses, for a total final allowance of $387,973.03; that the Debtors be authorized and directed to pay to PSZ&J the outstanding amount of such sums; and for such other and further relief as may be just and proper.

Dated:  August 19, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Steven W. Golden (NY Bar No. 5374152)
919 North Market Street, 17th Floor
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:     bsandler@pszjlaw.com
              sgolden@pszjlaw.com

- and –

Robert J. Feinstein (NY Bar No. 1767805)
Cia H. Mackle (FL Bar No. 0026471)
780 Third Avenue, 34th Floor
New York, NY  10017-2024
Telephone:     (212) 561-7700
Facsimile:     (212) 561-7777
Email:     rfeinstein@pszjlaw.com
              cmackle@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

# DECLARATION

STATE OF DELAWARE        :
                                              :
COUNTY OF NEW CASTLE  :

Bradford J. Sandler, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b) I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Committee. Capitalized terms used in this Declaration have the same meanings ascribed in the *Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Committee of Unsecured Creditors for the Period March 16, 2021 through August 16, 2022* (the "Application").

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about March 29, 2021 and submit that the Application substantially complies with such rule and order.

/s/ Bradford J. Sandler
Bradford J. Sandler