**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 1305, 1351 & 1406 |

**CERTIFICATION OF COUNSEL AND REQUEST FOR ENTRY OF AN**
**ORDER DISMISSING CHAPTER 11 CASES**

The undersigned hereby certifies as follows:

On July 21, 2022, Alamo Drafthouse Cinemas Holdings, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed First Priority Secured Claims and Allowed 503(b) Claims; (II) Dismissing the Debtors' Chapter 11 Cases; (III) Establishing Procedures with Respect to Final Fee Applications; (IV) Directing the Debtor Entities to be Dissolved; and (V) Granting Related Relief* [Docket No. 1305] (the "**Dismissal Motion**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

29763577.1

On August 16, 2022, the Court entered an initial order approving the relief requested in the Dismissal Motion [Docket No. 1351] (the "**Initial Dismissal Order**").[2]

Pursuant to the Initial Dismissal Order, the Debtors were required to file a distribution schedule (the "**Distribution Schedule**") setting forth the Allowed First Priority Secured Claims and Allowed 503(b) Claims on the docket. The Debtors filed the Distribution Schedule on September 21, 2022. *See* Docket No. 1406.

The Initial Dismissal Order also authorized the Debtors to take certain actions that would allow the Debtors to dismiss their chapter 11 cases and, in connection therewith, the Debtors were directed to file a certification of counsel (this "**Certification**") upon the completion of certain tasks.

Specifically, "[a]s soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees, payment of Allowed First Priority Secured Claims and Allowed 503(b) Claims, payment of Professional Fees and remittance of any remaining funds to the Prepetition Lenders, the Debtors shall file a certification of counsel (the "Certification") requesting entry of the Dismissal Order . . . [T]he Certification should verify that (a) all U.S. Trustee fees have been paid in full and all monthly operating reports have been filed; and (b) Professional Fees incurred in these Chapter 11 Cases have been approved on a final basis (to the extent applicable) and paid in full," the Debtors were authorized to seek entry of a final dismissal order (the "**Final Dismissal Order**"), a copy of which was attached to the Dismissal Motion as Exhibit B, by filing this Certification. *See* Initial Dismissal Order, ¶ 5.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dismissal Motion or the Initial Dismissal Order, as applicable.

29763577.1

In compliance with paragraph 5 of the Initial Dismissal Order, the Debtors hereby certify that (a) all U.S. Trustee fees have been paid in full and all monthly operating reports have been filed; and (b) Professional Fees incurred in these Chapter 11 Cases have been approved on a final basis (to the extent applicable) and paid in full. The payments described herein were made via wire or check on September 27 and 28, 2022.

WHEREFORE, as (a) the Debtors have satisfied the requirements set forth in the Initial Dismissal Order; and (b) the Court authorized the Debtors to file this Certification seeking entry of the Final Dismissal Order upon satisfaction of the tasks listed above, the Debtors respectfully request entry of the Final Dismissal Order, attached hereto as **Exhibit A**, without further notice or hearing at the Court's earliest convenience.

| | |
|---|---|
| Dated: September 28, 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Jared W. Kochenash*<br>M. Blake Cleary (No. 3614) (mbcleary@ycst.com)<br>Matthew B. Lunn (No. 4119) (mlunn@ycst.com)<br>Kenneth J. Enos (No. 4544) (kenos@ycst.com)<br>Jared W. Kochenash (No. 6557) (jkochenash@ycst.com)<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>*Counsel to the Debtors and Debtors in Possession* |

29763577.1

## EXHIBIT A

**Final Dismissal Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 1305, 1351 & 1477 |

### ORDER (I) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND (II) AUTHORIZING DISSOLUTION OF THE DEBTORS IN ACCORDANCE WITH APPLICABLE STATE LAW

Pursuant to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed First Priority Secured Claims and Allowed 503(b) Claims; (II) Dismissing the Debtors' Chapter 11 Cases; (III) Establishing Procedures with Respect to Final Fee Applications; (IV) Directing the Debtor Entities to Be Dissolved; and (V) Granting Related Relief* [Docket No. 1305] (the "**Motion**")[2], filed on July 21, 2022, (ii) that certain Order granting the Motion, entered on August 16, 2022 [Docket No. 1351], and (iii) the *Certification of Counsel and Request for Entry of an Order Dismissing the Chapter 11 Cases*, filed on September 28, 2022 [Docket No. 1477], it is hereby

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

29764987.1

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, each Chapter 11 Case is dismissed effective as of the entry of this Order.

4. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of these Chapter 11 Cases, including, without limitation, the Sale Order and the Final DIP Order, shall remain in full force and effect, shall be unaffected by the dismissal of these Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5. Each of the Professional's retentions by the Debtors' estates is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such firms; provided, however, that such firms are authorized to effectuate the dissolution of each Debtor entity as contemplated herein. All remaining officers and directors of the Debtors are terminated as of the date hereof without the need for further action on the part of this Court, the Debtors or such individual.

6. To the extent not previously done, the Debtors are authorized, but not directed, to destroy, abandon, or otherwise dispose of any remaining Books and Records in their discretion, and to make all payments necessary to effectuate such destruction; provided that any documents containing personally identifiable information must be shredded.

29764987.1

7. Upon entry of this Order, Epiq Corporate Restructuring, LLC ("**Epiq**"), as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and noticing agent in these Chapter 11 Cases; provided that Epiq shall provide the services described in this paragraph and shall be entitled to payment and reimbursement of its fees and costs from and against any prepetition retainer provided to Epiq in connection with these Chapter 11 Cases. In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of the entry of this Order, Epiq shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against each Debtor, and (d) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

8. As soon as reasonably practicable after entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the board of managers of the Debtors, to the extent not previously dissolved, the Debtors are authorized to dissolve their corporate entities in accordance with applicable state law, and the Debtors shall not be required to pay any taxes or fees to cause such dissolution. Any officer or other authorized representative of the Debtors is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with applicable law.

9. The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

10. To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

11. Notwithstanding the dismissal of these Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court, including this Order, entered in these Chapter 11 Cases.

29764987.1